Edwin Gomez and Others, Appellants, *v.* Horatio Gomez, as Trustee of the Estate of Hetty Gomez, Deceased, Respondent, Impleaded with Others.

*Trust — conveyance by the trustee to the remainderman, unnecessary — covenant of renewal of lease beyond the trust period — proper parties to a judgment directing it — the omission of the covenant of renewal from the first of the two renewal leases is immaterial.*

Where a trust deed provides that, at the death of the life beneficiary, the trustees shall convey the property held by them in trust to a person designated, or to one to be appointed in a designated manner, the trust does not continue until such conveyance be made by the trustee, but the death of the life beneficiary itself operates not only to terminate the trust, but also to at once vest in the remainderman the title to the real estate forming the *corpus* of the trust estate, a formal conveyance by the trustees being wholly unnecessary.

The trustees are, in such case, without authority, of their own motion, to make a covenant during the continuance of the trust which shall entitle a lessee of the *corpus* of the trust to demand and receive renewal leases after the expiration thereof.

The fact that the life beneficiary signs the original leases of the trust estate, which contain covenants as to renewals thereof which may extend beyond the period of the trust, will not bind her appointees in whom the trust estate vests upon her death, where the instrument creating the trust (while it gives to the life tenant all the net income of the property) gives her authority over the property itself to do one thing only, namely, to designate in the manner provided by the trust instrument who shall have the trust property after her death, and in default of her making such appointment the deed of trust itself determines in whom the title to the property shall vest.

Certain real estate was conveyed by deed to trustees, in trust, to pay a person therein designated all the rents, issues and profits of the premises during her life, and upon her death to convey the said premises to such persons as the life beneficiary therein named might in and by her last will and testament, or by appointment in the nature thereof, nominate and appoint, and in default of such last will and testament or appointment, then to all the lawful issue of such life beneficiary then living.

An action was instituted in the Court of Chancery by the life tenant and her husband, against the trustees named in such deed, and the children of the life beneficiary, then in being, for an adjudication as to the right of such trustees to make leases and renewals of leases for a long term of years. The suit resulted in a decree in which it was, among other things, adjudicated that the trustees, their survivors and successors, should have full power, with the consent of the plaintiffs in such suit, or the survivor of them, to make and execute valid leases of the trust premises for the term of twenty-one years, with covenants of renewal for several successive terms of twenty-one years, not exceeding three such additional terms.

*Held,* that when such decree was made the Court of Chancery had jurisdiction not only of the subject-matter presented by the complaint, but also of all persons necessary to make a decree construing the instrument and instructing the trustees as to their duty in the premises, and that there were no other persons who could properly have been made parties to the suit. (VAN BRUNT, P. J., dissenting.)

That the parties to such suit could not attack such decree collaterally, and so long as it stood unreversed and unopened, a party to the suit could not raise the question as to whether the court should have authorized the making of leases and renewals such as might and probably would exceed the trust term. (VAN BRUNT, P. J., dissenting.)

To give a lease upon a piece of real estate does not prevent the alienation of such property, and where the covenants contained in an original lease of real estate entitle the lessee to three renewals thereof, the omission of such covenants in the renewal of a lease so given is an immaterial circumstance, as the lessee, under the original lease, has the right to the renewals therein specified.

APPEAL by the plaintiffs, Edwin Gomez and others, from an interlocutory judgment of the Supreme Court in favor of the defendant Horatio Gomez, entered in the office of the clerk of the county of New York on the 25th day of May, 1894, upon the decision of the court, rendered after a trial at the New York Special Term, sustaining said defendant's demurrer to the complaint.

*Hector M. Hitchings,* for the appellants.

*Michael H. Cardozo, Edgar J. Nathan* and *John A. Straley,* for the respondent.

PARKER, J.:

This suit is brought on the equity side of the court to obtain an adjudication that certain of the defendants are not entitled, as matter of law, to a renewal for twenty-one years of the five several leases described in the complaint, and to restrain the defendant

Horatio Gomez from executing to the other defendants a renewal of such leases.

The Special Term sustained the demurrer interposed by the defendant Horatio Gomez, the ground of which is "that the complaint does not state facts sufficient to constitute a cause of action." Such of the facts as are necessary to present the principal questions discussed on this appeal are as follows : In May, 1831, Harmon Hendricks, then the owner of certain real estate in the city of New York, conveyed the same by deed to three persons in trust, to pay Hetty Hendricks all the rents, issues and profits of the premises described, and to convey the said premises by full and sufficient conveyances in law to such persons as she, the said Hetty Hendricks, might in and by her last will and testament, or by appointment in the nature thereof, nominate and appoint, and in default of such last will and testament or appointment, then to all the lawful issue of said Hetty Hendricks then living, as tenants in common and not as joint tenants.

Ten years later Hetty Hendricks, then the wife of Aaron L. Gomez, together with her husband, instituted a suit in the Court of Chancery, in this State, against the trustees under such deed for an adjudication as to the right of the latter to make leases and renewal of leases for a long term of years. The defendants consisted of the trustees and the children of Hetty Gomez, among whom was this plaintiff, Edwin Gomez, then an infant. The suit resulted in a decree bearing date October 21, 1831, in which, among other things, it was adjudged "that the said trustees, Solomon I. Isaacs, Uriah Hendricks and Henry Hendricks, and the survivor and survivors of them, and any trustee and trustees hereafter substituted, shall have full power, with the consent and approbation of the complainants, or the survivor of them, to be expressed by their, his or her legal execution and acknowledgment of the leases hereinafter mentioned, to make and execute valid leases of the premises described in the bill of complaint and the schedule thereunto annexed, or any part thereof, for the term of twenty-one years, with covenants of renewal for several successive terms of twenty-one years (not exceeding three such additional terms) reserving an annual rent to be paid quarterly for the first term of about five per cent upon the value of the property, * * * and that the rent reserved annually for the next ensuing term be at the rate of five per cent upon the valuation so

made thereof, and with such other covenants and upon such con- ditions as the said trustees in their discretion shall deem proper and shall consider most advantageous to the interests of the complainant Hetty Gomez and her children."

The trustees promptly availed themselves of the permission obtained in the decree, and by leases bearing the date next succeed- ing that of the decree, in which the trustees were named as parties of the first part, John Peters (the lessee) of the second part, and Hetty and Aaron L. Gomez of the third part, they leased the premi- ses for a term of twenty-one years, with covenants of renewal for three successive terms of twenty-one years each. The lessee entered into possession, and at the expiration of the term renewal leases were executed, each for a period of twenty-one years. And when such period had expired, still other renewal leases of twenty-one years were executed.

The period of the second renewal has about expired, and Hetty Hendricks, for whose benefit the trust was created, has in the mean- time died, leaving a last will and testament, which has been duly probated, in and by which she has exercised the power of appoint- ment conferred upon her by the original trust deed.

The plaintiff, Edwin Gomez, is one of the beneficiaries in the estate by virtue of the exercise of the power of appointment in his behalf by his mother. He insists that the trust terminated upon the death of Hetty Gomez, at which time the property became vested in the appointees designated in Hetty Gomez's will. That at the latest moment of time the trust was at an end, when the trustees, by appropriate conveyances, deeded the property to the appointees. He contends that there is no power in the trustees to make leases of the property after the trust has terminated, nor power in the court to authorize the trustees to do so. And, further, that the power does not reside in the trustees to make a covenant to renew a lease which shall bind them, or their successors to the legal estate, in the event that between such dates the trust shall come to an end by reason of the death of the beneficiary. Nor, asserts the appellant, could the court empower the trustees to make such a lease binding and enforcible.

There are cases, such as *Newcomb* v. *Ketteltas* (19 Barb. 608) and

*Greason* v. *Keteltas* (17 N. Y. 491), which are occasionally cited as supporting the authority of trustees to renew a lease after the death of the beneficiary of the trust, if done in pursuance of a covenant in the original lease to make such renewal. These cases arose under a trust created prior to the enactment of the Revised Statutes which effected a radical change in the law of trusts.

In *Matter of McCaffrey* (50 Hun, 371), in which it was held that unless expressly authorized by the trust deed, a trustee is without power to make leases extending beyond the trust term, and, if he attempts it, the lease is invalidated by the death of the beneficiary, the *Keteltas* cases (*supra*), are considered, and the reasons given why they should not be held to be in conflict with the doctrine of that case. The consideration which they receive meets with our approval, and, therefore, justifies the omission of their further discussion. It would be strange indeed if the rule should be otherwise than as asserted in *Matter of McCaffrey*, for then would the trustee be clothed with authority during the life of the trust to insert in a lease covenants of renewal for a given number of terms, which would operate to deprive the owner of the property, at the termination of the trust, of its possession and control.

The trustee would, in other words, have the power to fasten upon the estate for a long series of years, a lease which might become a very serious burden to the owners. Courts have been careful not to permit an extension of the control of trustees beyond the happening of the event which measures the trust term. Where, as in this case, the trust instrument provides that at the death of the life beneficiary the trustees shall convey the property held by them in trust to a person designated, or to one to be appointed in a manner provided, it is held that the trust does not continue until such conveyance be made by the trustees, but, on the contrary, that the death itself operates not only to terminate the trust, but to vest the title to the real estate at once, a formal conveyance by the trustees being wholly unnecessary. (*Watkins* v. *Reynolds*, 123 N. Y. 211.) We are, therefore, in accord with the appellant, in so far as he contends that trustees, in the absence of specific authority in the trust instrument, are without authority of their own motion, to make a covenant during the life of the trust, which shall entitle the lessee to demand and receive renewal leases after its expiration.

We are further of the opinion that the assertion is not well founded which has been made in this case, to the effect that, because Hetty Gomez, in whom was lodged the power of appointment conferred by the trust deed, signed the original leases containing covenants as to renewals her appointees as such are either bound by or legally affected by such action.

The trust as created gave to her all of the net income of the property, but over the property itself she was given authority to do one thing only, she could designate in the manner provided by the trust instrument who should have it after her death, but in default of her making such an appointment the deed of trust vested the property. Beyond being entitled to receive the income from the trustees, and to exercise the power of appointment, she was without any authority whatever over the property. She could not mortgage or otherwise incumber it, even though the form which the incumbrance should take should be that of a lease for a term of years at an inadequate rent.

Whether the Court of Chancery, which made the decree, had power to authorize the lessors to covenant for the giving of renewal leases for a period which it was certain would extend beyond the life of the trust presents a different question.

That such a power should rarely if ever be exercised will be readily assented to. That the authority resided in the Court of Chancery to direct trustees generally as to the manner in which they should discharge the duties resting upon them as such, in the absence of specific instructions in the trust instrument, has always been recognized. Indeed, it constitutes one of the acknowledged heads of equitable jurisdiction. The deed of trust in question did not expressly confer upon the trustees authority to make leases, and the object of the suit instituted by Hetty Gomez and her husband was to obtain an adjudication as to the rights of the trustees to make leases and renewals of leases for terms of years.

The plaintiff was entitled to the whole of the income during all her life, and she was necessarily interested in having the property so leased as to produce the largest possible amount of rent. By means of an appropriate complaint she presented to a court having jurisdiction to direct the manner in which the trustees should execute the trust committed to them, the question whether they should

be authorized to lease the property for a term of years, with the right of several renewal terms of like duration.

The result was a decree, from which we have already quoted, authorizing the making of such a lease as the trustees did make.

The complaint does not inform us what were the special facts which were presented to the court for the purpose of inducing it to authorize the making of a lease and renewals covering so many years. Whatever they were, they must have strongly impressed Hetty Gomez, who was entitled to the income for life and the right to say who should have the property after her death. She was a mother and quite likely to think of her children as the owners of the property at a subsequent but not far distant time. A situation can readily be supposed which would have greatly advantaged her as owner of the life estate as well as her appointees. Assuming that the property by reason of the absence of buildings would produce but little income, and, further, that there was no money available for the erection of new buildings, a lease for a term of such length as to induce the lessee to erect buildings, with a substantial increase in the annual income of the property, might prove very helpful to the beneficiary for life, and of substantial advantage as well to those in whom the entire estate would become vested at her death.

But as we view the question presented, we have no occasion to inquire into the facts which were presented to the court, and upon which its decision was founded, for when the decree was made it had jurisdiction not only of the subject-matter presented by the complaint, but also of all persons necessary to make a decree construing the instrument, and instructing the trustees as to their duty in the premises.

Before the court, either as plaintiffs or defendants, were the trustees; the then born children of the life beneficiary, to whom the property would go in the event that she should omit to exercise the power of appointment; the beneficiary, Hetty Gomez, and her husband. There were no others who could have been properly made parties to the suit.

The infants, among whom was this plaintiff, Edwin Gomez, appeared by guardian *ad litem*, who was heard on the application for the decree. Now, it is quite clear that under the circumstances

attending the granting of the decree, and to which we have referred, the parties to that suit cannot attack the decree collaterally. So long as it stands unreversed and unopened a party to it cannot raise the question whether the court ought to have authorized the making of the lease, and such a number of renewals as might, and likely would, exceed the trust term. If we are right in the position taken it is unnecessary to consider further the proposition intended as a challenge to the authority and binding force of the decree, but we may say in passing that the contention of the appellant, that the granting of the lease was void, because a suspension of the power of alienation for more than two lives in being, is wholly without merit. To give a lease upon a piece of real estate does not prevent the alienation of such property. Nor is it apparent how *Cuthbert* v. *Chauvet* (136 N. Y. 326) can under any circumstances be made available to appellant. It is true that the case points out that the Supreme Court may not compel a trustee to consent to a destruction of the trust — a proposition certainly not applicable here.

In *Cuthbert's* case the court, after asserting that courts of chancery have always exercised a supervisory power over the management of trust estates, and the conduct of trustees, asserts that save in exceptional cases they have never asserted the power to dissolve a trust before the expiration of the term for which it was created. In that case the destruction of the trust had not only been attempted, but accomplished, so far as the judgment of the Supreme Court was concerned.

The judgment had been based substantially upon the assent of the parties to the action, which was one of partition. This judgment the court held to be expressly prohibited by that part of the Statute of Uses and Trusts which declares that every sale, conveyance or other act of the trustee in contravention of the trust shall be absolutely void, and that the beneficiary cannot assign or in any manner dispose of his interest. This statute, the court held, was intended to take away the power of the beneficiary and of the trustees to alienate the trust property, even with the approval of the court.

This was the point of the decision. In this case there was no effort in hostility to the trust. The right to lease the property for the largest amount of rent obtainable during the life of the beneficiary is not questioned. Indeed, this was the duty of the trustees,.

and had the lease provided that it, and any renewals of it, should terminate upon the death of Hetty Gomez, its legality would have been admitted.

The criticism made here is that an attempt has been made to fasten a lease upon the property after the expiration of the trust.

Such an act it is clear does not come within the condemnation of the provisions of the statute which were the subject of consideration in *Cuthbert's* case.

Appellant further insists that as the leases of 1852 and 1873 do not contain covenants of renewal the lessee is not entitled to the third renewal, which the lessor in the original lease covenanted to give.

The position of the learned judge at Special Term, which was, in substance, that the covenants of renewal contained in the lease of 1831 entitled the lessee to three renewals of each lease, and that the omission of such covenant in the renewals granted was an immaterial circumstance, has support in *Kearney* v. *Met. E. R. R. Co.* (129 N. Y. 76), cited by him.

But for still another reason are the covenants of the original lease binding and enforcible.

The original lease has been continued in force and in effect incorporated into and made a part of each renewal by the insertion of a clause in the same general form as the following : " It is hereby mutually declared and understood by and between the parties hereto, that this present Indenture of Lease is made and executed, and given and accepted by the said parties, as and for the lease or renewal for the third term of twenty-one years, provided for by a certain Indenture of Lease hereinbefore mentioned, bearing date the 1st day of November, in the year 1831, and recorded in the office of Register in Liber 280 of Conveyances, page 417."

The judgment should be affirmed, with costs, with leave to amend within twenty days upon payment of such costs together with the costs awarded at Special Term.

VAN BRUNT, P. J. :

I concur in the conclusion arrived at by Mr. Justice PARKER that under the trust deed the trustees had no power to make the leases mentioned in the complaint in this action. But I do not agree that such power, not being conferred by the trust deed, could be given

by any decree of the Court of Chancery or of the Supreme Court. The action which resulted in the judgment under which the defendants claim to shield themselves was not an action for the construction of the trust deed, but to supplement the same by a decree of the court granting the trustees therein named powers which it is conceded were not conferred upon them by such deed.

I know of no authority in any court to supplement by its decree for the benefit of a life tenant powers which were not conferred by the instrument creating the trust. An inspection of the decree entered in the Court of Chancery shows conclusively that this was the nature of the action and of the relief which was attempted to be given. The decree reads : " This action having been brought to a hearing upon the bill and answer of the infant defendants (naming them), and the report of    *    *    *    one of the masters of this court, to whom it was heretofore referred, to ascertain and report as to the truth of the facts stated in the bill, and whether it was for the benefit of said infants that the prayer of the bill should be granted." This alone shows that it was not an action for the construction of the trust deed. It then adjudges and decrees that the trustees, and the survivor and survivors of them, and any trustee or trustees hereafter substituted, shall have full power, with the consent and approbation of the complainants, or the survivor of them (the complainants being the life tenant and her husband), to make and execute valid leases of the premises in question for the term of twenty-one years, with covenants of renewal for several successive terms of twenty-one years, making eighty-four years in all.

In other words, the court attempted to confer powers upon the trustees which the original trust deed, it is admitted, did not do. It seems to me that the Court of Chancery had no jurisdiction to entertain any such action, and that infants cannot be deprived of the possession of real estate belonging to them by any such proceeding upon the part of the life tenants for their own exclusive benefit.

But it is not necessary to determine this question. There is another ground because of which the court should have refused to entertain this action. In cases of this description a court of equity only intervenes where there is no adequate remedy at law, or where irreparable damage will result. There is no allegation of irreparable damage in this complaint ; and if there were it would not help the

matter, because such could not be the fact. It is true that there is an allegation that there is no adequate remedy at law, but it is apparent that the plaintiffs have a complete remedy at law. If they are entitled to the possession of these premises, and the action of the trustees was without authority, they may bring their action in ejectment and recover possession and thus be completely vested with their rights. This would require no intervention of any court of equity. There is no evidence *aliunde* the records which affected the question; and it is a familiar principle that equity will not intervene to remove even what is claimed to be a cloud upon a title, where the defects appear upon the face of the record which are claimed to be such cloud. The assessment cases are familiar instances of the application of this rule. Therefore, there was no reason for any application to a court of equity. The plaintiffs could bring their action of ejectment and establish their rights, if they had any.

The judgment should be affirmed, with costs.

BARRETT, J. :

In my judgment the Court of Chancery had jurisdiction to make the decree in question. Whether such decree was proper, under the circumstances, was a question which that court had power to decide. Were it otherwise, a court of equity could not, under any circumstances, however pressing, authorize a lease to run after the death of the life beneficiary. Equity is not thus limited. It may act upon a state of facts which would not suffice to warrant the trustee in acting without its authority. To do so may be as essential for the protection and benefit of the remainderman as of the life tenant. And, in so acting, it is within its general jurisdiction. There is here no direct attack upon the decree. The action is simply to prevent the last renewal and proceeds solely upon the alleged lack of jurisdiction to make the decree which authorized it. If the appellants' contention be correct, the appointees may treat the decree as a nullity and yet benefit by the situation as it comes to them thereunder. This would be inequitable. Standing solely upon the position that the decree was a nullity for lack of jurisdiction, I think the plaintiffs must fail. I, therefore, concur with Mr. Justice PARKER.

Judgment affirmed, with costs, with leave to amend within twenty days on payment of such costs, together with costs at Special Term.