Edwin Gomez et al., Appellants, *v.* Horatio Gomez, as Trustee of the Estate of Hetty Gomez, Deceased; Edward Tracy et al., Respondents.

1. Real Estate — Trusts — Power of Appointment — Court of Chancery — Lease of Infant's Property — Renewals. In 1821, the owner in fee deeded certain lands to trustees, in trust to pay Hetty H. the rents and profits, and to convey the premises to such persons as she might by will appoint, and in default of such appointment then to all her lawful issue then living, as tenants in common. Hetty H. thereafter married one G., and in 1831 she and her husband brought an action in the Court of Chancery against their then living children and the trustees, in which it was decreed that the trustees might make leases of the premises for the term of twenty-one years, with covenants of renewal for successive terms, not exceeding three, of twenty-one years each, upon such conditions as the trustees should deem to the interest of Mrs. G. and her children. Thereupon the trustees, acting upon the authority of the decree, executed to one P. a lease for twenty-one years, in which Mrs. G. joined, with covenants for three renewals of twenty-one years each. In 1855 Mrs. G. died, leaving six children and a will, in which she exercised the power of appointment given by the trust deed, by directing the trustees to convey the premises to a trustee named, in trust to pay the profits of a sixth part thereof to each of her children, and upon the death of each child to convey the fee to its heir at law. There were two renewals of the lease, the last of which expired in 1894, and the successors of P., the original lessee, demanded a third renewal, being the last provided for by the decree, and an action was brought to obtain an adjudication as to whether, as matter of law, they were entitled to such renewal, as against the estate of Mrs. G. *Held*, on demurrer to a complaint alleging the above facts, that the trust created by the deed being for the life of Mrs. G. terminated with her death, and the powers of the trustees were then at an end, except to convey the trust property as directed by the deed, and that they, therefore, had no power under the deed to renew leases or in the leases executed by them to provide for the renewals of leases after her death; *but held further*, that under the deed the infant children of Mrs. G. were conditional remaindermen; that they took the fee subject to the power of appointment by Mrs. G., and at that time had an interest which they, if adults, had the power to lease; that being infants, the Court of Chancery could exercise that power for them (2 R. S. 194, §§ 170, 175), which it did by its decree, which decree showed that it was made in an action seeking leave to lease the real estate of infants, of the subject-matter of which action the Court of Chancery had jurisdiction and in which action the proper parties were before it; that upon the execution by Mrs. G., in her will, of the power of appointment given by the

deed, her children were deprived of their interest as remaindermen, but were given another and different interest in the premises, which they took under her will and subject to all the burdens imposed by her, including the leases, in the execution of which she had joined, and which became binding upon her and her estate; and, consequently, that the tenants were entitled to the third renewal.

Reported below, 81 Hun, 566.

(Argued June 6, 1895; decided October 8, 1895.)

APPEAL from final judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made December 5, 1894, which affirmed an interlocutory judgment sustaining defendants' demurrers to the complaint.

The action was brought by Edwin Gomez, a son of Hetty Gomez, deceased, and his four children, against Horatio Gomez, as trustee under the will of Hetty Gomez, and the representatives of the firm of Tracy & Russell, tenants in possession, for an adjudication that such tenants are not entitled to a renewal for twenty-one years of certain leases; declaring that the estate of Hetty Gomez had become entitled to the possession of the leased premises, and enjoining the trustee from executing a renewal of the leases.

The facts alleged in the complaint, so far as material, are set forth in the opinion.

*Hector M. Hitchings* for appellants. The Court of Chancery in 1831 had no parties before it who were entitled to invoke its jurisdiction for the relief granted by it. (*Noyes* v. *Blakeman,* 2 Seld. 567, 578; *Marx* v. *McGlynn,* 88 N. Y. 358, 376; *Levy* v. *Hart,* 54 Barb. 248, 258; *Bissell* v. *Kellogg,* 60 Barb. 618, 629; *Willis* v. *Smyth,* 91 N. Y. 301; *Mabie* v. *Bailey,* 95 N. Y. 206; *U. S. T. Co.* v. *Roche,* 116 N. Y. 120; *Townshend* v. *Frommer,* 125 N. Y. 446, 470.) The court did not have jurisdiction of the subject-matter of the proceeding to the extent of the relief decreed. (1 Story's Eq. Juris. [13th ed.] 62, § 64b; Snell's Eq. Juris. 14; Adams Eq. Juris. 9, 12; 2 Spence Eq. Juris. § 426; *Cowper* v. *Cowper,* 2 P. Wms. 729, 752; Jeremy's Eq. Juris. 53; *In re*

*McCaffrey*, 50 Hun, 371, 374; *Nicholl* v. *Walworth*, 3 Den. 485; *Ex parte De Kay*, 4 Paige, 403; *Watkins* v. *Reynolds*, 123 N. Y. 211; *Cruger* v. *Jones*, 18 Barb. 467; *Douglas* v. *Cruger*, 80 N. Y. 15, 19; *Rathbone* v. *Hooney*, 58 N. Y. 463, 467.) Even if the court had jurisdiction of the parties and cause of action in 1831 sufficient to make some decree, the decree which it did make, by its terms and plain meaning, was not intended to and does not authorize a renewal of the leases at the present time. (*Post* v. *Hover*, 33 N. Y. 593; *Cutting* v. *Cutting*, 86 N. Y. 522; *Jackson* v. *Edwards*, 22 Wend. 498.) The leases of 1852 and of 1873 contain no covenants of renewal, receive none from the original lease and give to the present lessees no right of action. (*Syms* v. *Mayor, etc.*, 105 N. Y. 153.) The right of the parties named to be joined as plaintiffs has been adjudicated. (*Gomez* v. *Gomez*, 20 N. Y. Supp. 902.)

*Michael H. Cardozo* and *Edgar J. Nathan* for Horatio Gomez, trustee, respondent. The Court of Chancery had jurisdiction to make the decree of October 31, 1831, and it is binding and conclusive upon the parties to this action. (*Foltz* v. *S. L. & S. F. R. Co.*, 60 Fed. Rep. 316; *Cornett* v. *Williams*, 20 Wall. 226; *D. M. N. & R. Co.* v. *I. H. Co.*, 123 U. S. 552; Story's Eq. Juris. § 962; *Hedges* v. *Riker*, 5 Johns. Ch. 163; *Sinclair* v. *Jackson*, 8 Cow. 543; Platt on Leases, 345; *U. S. T. Co.* v. *Roche*, 116 N. Y. 120; *Anderson* v. *Mather*, 44 N. Y. 249; *Wood* v. *Mather*, 38 Barb. 473; *Horspool* v. *Davis*, 6 Bosw. 581; *Cochran* v. *Van Surlay*, 20 Wend. 365; *Pitcher* v. *Carter*, 4 Sandf. Ch. 1; *Labatut* v. *Delatour*, 54 How. Pr. 435; 38 Barb. 482; *Goebel* v. *Iffla*, 111 N. Y. 170; *Barnard* v. *Onderdonk*, 98 N. Y. 158; *Jordan* v. *Van Epps*, 85 N. Y. 427; *Griffin* v. *L. I. R. R. Co.*, 102 N. Y. 449; *Johnson Co.* v. *Wharton*, 152 U. S. 252; *Leavitt* v. *Wolcott*, 95 N. Y. 212.) The question of the power of the trustees to make a lease to extend beyond the life of Hetty Gomez, does not arise. (*Kearney* v. *M. E. R. Co.*, 129 N. Y. 76.)

*John A. Straley* and *Thomas McMahon* for Tracy et al. respondents. The Court of Chancery, in 1831, had complete jurisdiction to make the decree of October 31, 1831. (1 R. S. 732, §§ 13, 77–79; *Cutting* v. *Cutting*, 86 N. Y. 522; *Jennings* v. *Conboy*, 73 N. Y. 230; *Hume* v. *Randall*, 141 N. Y. 499; *Jackson* v. *Edwards*, 22 Wend. 298; *Hotchkiss* v. *Elting*, 31 Barb. 46; 1 Pom. Eq. Juris. §§ 139, 1062, 1064; *Hunt* v. *Hunt*, 72 N. Y. 217; *Barnard* v. *Onderdonk*, 98 N. Y. 158; *Jordan* v. *Van Epps*, 85 N. Y. 427.) The fact that there is no covenant of renewal in the renewal leases does not affect the lessee's rights. (*Kearney* v. *M. E. R. Co.*, 129 N. Y. 79; *Phyfe* v. *Wardell*, 5 Paige, 279; McAdam on Landl. & Ten. 254, 258; Woodfall on Landl. & Ten. 329; *Moss* v. *Barton*, 35 Beav. 197; *Livingston* v. *Sage*, 95 N. Y. 289; *Carr* v. *Ellison*, 20 Wend. 178.) Whether the trustees had power to make a lease beyond the life of Hetty Gomez is immaterial. (Pom. Eq. Juris. 1062.)

HAIGHT, J. The demurrers interposed were upon the ground that the complaint did not state a cause of action. It, in substance, alleges that on the 2d day of May in the year 1821, one Harmon Hendricks, being then the owner in fee of the lands in question, executed and delivered a deed of the same to Solomon I. Isaacs, Uriah Hendricks and Hetty Hendricks upon the following trust: "To pay over into the hands of Hetty Hendricks, at such dates and times as she might fix for the payment thereof, all the rents, issues and profits of the above bargained and described premises and to convey the said premises by a full and sufficient conveyance in law to such persons as she, the said Hetty Hendricks, might in and by her last will and testament, or by appointment in nature thereof, nominate and appoint, and in default of such last will and testament or appointment, then to all the lawful issue of said Hetty Hendricks then living, as tenants in common and not as joint tenants." Hetty Hendricks subsequently married Aaron L. Gomez, and on the 17th day of May, 1831, they brought an action in the Court of Chancery of New

York against their then living children, including the plaintiffs in this action and the trustees, in which it was adjudged and decreed that the trustees, or the survivor or survivors of them, and any trustee or trustees hereafter substituted, shall have full power, with the consent and approbation of the complainants, or the survivor of them, to be expressed by their, his or her legal execution and acknowledgment of the leases hereinafter mentioned, to make and execute valid leases of the premises, or any part thereof, for the term of twenty-one years, with covenants of renewal for several successive terms of twenty-one years, not exceeding three such additional terms, etc., with such other covenants and upon such conditions as the trustees in their discretion shall deem proper and shall consider most advantageous to the interest of Hetty Gomez and her children. After the making of such decree the trustees, acting upon the authority thereof, executed and delivered to one John R. Peters five leases of separate parcels of the lands in question for a period of twenty-one years each, with covenants for three renewals of twenty-one years each, with an annual rent reserved of five per cent on the value of the property, to be determined by appraisal thereof at each renewal. On the 15th day of August, 1855, Hetty Gomez made her last will and testament, and in February thereafter died, leaving six children her surviving, her husband having in the meantime died. Her will was duly proved and admitted to probate by the surrogate of New York county as a will of real and personal property. In it she exercised the power of appointment given her by the deed of Harmon Hendricks by directing a conveyance of the property described in the deed by the trustees therein named to Horatio Gomez, one of the defendants herein, and Hyman N. Hart, and the survivor of them, as joint tenants and not as tenants in common, but in trust, to pay to her husband during his life all the rents, issues and profits thereof, and then to pay the rents, issues and profits of a one-sixth part thereof to each of her surviving children, and upon the death of such child to convey the fee simple absolute to the heir at law of such child. Horatio

Gomez alone qualified as such trustee. There have been two renewals of the leases. The last expired on the first day of November, 1894. The defendants, Tracy and others, as the successors of Peters, demanded another renewal of the leases, which is the third and last provided for. This action is brought to obtain an adjudication that they are not entitled as matter of law to a further renewal of the leases, and that Horatio Gomez, as trustee, etc., be enjoined and restrained from executing to them a renewal of such leases.

It may not be important to determine whether Horatio Gomez, as trustee under the will of Hetty Gomez, has the power to execute a renewal of the leases, for if the tenants, Tracy and others, are entitled to such a renewal, this action cannot be maintained. Horatio Gomez is, however, as we have seen, the trustee appointed by the will of Hetty Gomez to carry out the trust therein created; that trust requires him to rent the property and to pay over the rents, issues and profits thereof to her children. The trust created by the deed terminated with her death, and with the termination of the trust the powers of the trustee became extinct except to turn over and convey the trust property as in and by the deed they were required. Strictly speaking, Horatio Gomez may not be a survivor of or a substitute to the trustees appointed by the deed. He derives his power from the will. They derived theirs from the deed. His power commenced when theirs terminated. He takes title to the property in trust under the will, and has the control and management thereof. He takes it, however, subject to the rights acquired of other parties, and if the defendants, Tracy and others, as tenants are entitled to renewal leases, we see no reason why he may not be compelled to execute them.

The trust created by the deed being for the life of Mrs. Gomez, terminated with her death, and with her death the powers of the trustees were, as we have seen, at an end, except to turn over and convey the trust property as directed by the deed. They, therefore, had no power under the deed to thereafter renew leases, or in the leases executed

by them to provide for the renewal of leases after her decease. (*In the Matter of McCaffrey*, 50 Hun, 371.) The whole question, therefore, turns upon the decree made by the Court of Chancery in 1831. That decree authorized the leases in question. Had that court jurisdiction of the parties and the power to make the decree? As we have seen, Mrs. Gomez and her husband were complainants. The trustees under the deed and all of her then living children were defendants. All of the persons then in being having any interest in the premises, either as trustees, life tenant or remaindermen, were parties. The children were represented by a guardian *ad litem*. The case was referred to a master to determine whether the decree prayed for was for the benefit of the infants. So far as the proceedings are disclosed they were regular and in due form, and if the court had the power to make the decree it must be held to be valid and binding upon them. Upon this question it becomes important to first ascertain the nature of the action or proceeding. The complaint alleges that it was instituted for an adjudication of the rights of the trustees to make leases and renewals of leases for long terms of years. If this allegation is to be taken as the nature and purport of the action, the door is open for a wide field of discussion as to the power and jurisdiction of the late Court of Chancery, but the complaint also alleges that the decree of the Court of Chancery is in writing " dated and filed in the county clerk's office of New York county on the 31st day of October, 1831, a copy of which is hereto annexed, and plaintiffs hereby refer to the same as part of this allegation of their complaint, and as though the same was specifically and at large set out herein." This latter allegation making the decree itself a part of the complaint, we think must be deemed to modify and explain the former allegation alluded to, and inasmuch as the petition or complaint is not before us it becomes our duty to look into the decree for the purpose of determining the nature of the action. Upon referring to the decree its purpose is quite apparent. It

determines that the lease of the property was for the benefit
of the infant defendants; that the trustees have leave to
execute leases for the terms designated, upon such conditions
as shall be approved by the father and mother of the infants;
in other words, it is a decree granting leave to lease the real
estate of infants and nothing more. The power to mortgage,
lease or sell real estate of infants, or of any interest therein, at
that time vested in the Court of Chancery under the express
provisions of the statute. "Any infant seized of any real
estate, or entitled to any term for years in lands may by his
next friend, or by his guardian, apply to the Court of
Chancery for the sale or disposition of his property."
* * * "Whenever it shall appear satisfactorily that a dis-
position of any part of the real estate of such infant, or of his
interest in any term for years is necessary and proper either
for the support and maintenance of such infant, or for his
education, or that the interest of such infant requires, or *will
be substantially promoted* by such disposition on account of
any part of said property being exposed to waste and dilapida-
tion, or on account *of its being wholly unproductive,* or for
any other peculiar reason or circumstances, the court may
order the *letting* for a term of years, the sale or other disposi-
tion of such real estate or interest to be made by such guardian
or guardians so appointed in such manner and with such
restrictions as shall be deemed expedient." (2 R. S. [ed. of
1827] p. 194, §§ 170, 175.) The court doubtless had the
power to do by action that which it was authorized to do by
proceeding. The court had the power to appoint a guardian
to execute the leases, but, inasmuch as the trustees under the
deed had the power to lease the premises during the lifetime
of Mrs. Gomez, the court saw fit to empower them to execute
the lease in the place of a guardian.

The plaintiffs alleged that great injustice will be done them
by a renewal of the leases, but the renewal has to be upon
the basis of an annual rental of five per cent of the appraised
value of the property. Possibly a better contract might now
be made, but the amount of rent reserved is fair and reason-

able.    The defendants have erected substantial buildings upon the property greatly improving it and thereby largely increasing the rent to the lessors and the ultimate value of the property.    These buildings were doubtless erected by the tenants upon the supposition and understanding .that they were entitled to a renewal of the leases.    The merits seem to be with them, and, as we construe the decree of the Court of Chancery, there can be no doubt as to its jurisdiction or power to grant the decree in question.    Under the deed the infants were conditional remaindermen.    They took the fee, subject to the power of appointment by Mrs. Gomez.    They, at that time, had an interest which they, if adults, had the power to lease or convey.    Being infants, the court could exercise that power for them.    Upon the execution of the power of appointment by Mrs. Gomez, given by the deed, they were deprived of their interest as remaindermen, but they were given another and different interest in the premises.    This, however, they take under her will and subject to all of the burdens and conditions imposed by her.    She joined in the execution of the leases which became binding upon her and her estate.    The provisions of the trust created by the deed were fully executed, and we discover nothing in the proceedings had that is any violation of the terms of the provisions of that trust.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.