[Civ. No. 575.    First Appellate District.—January 21, 1910.]

SOUTH END WAREHOUSE COMPANY, a Corporation, Appellant, v. JAMES V. LAVERY, MILO MITROV GOPCEVIC, CHARLES B. RUSSELL, HENRY E. MATHEWS and PETER M. GOPCEVIC, as Executors,. etc., of A. L. FLOYD GOPCEVIC, Deceased, and JAMES T. BOYD, ADOLPHUS D. GRIMWOOD, and CORA M. KEELER, as Trustees Under the Will of CORA LYONS FLOYD, Deceased, and Personally, Respondents.

TRUST UNDER WILL—LEASE BY TRUSTEES BEYOND TERM OF TRUST—INVALIDITY AFTER EXPIRATION.—Where, by the terms of trust created under a will, the trustees were not authorized to make a lease to extend beyond the expiration of their trust, a lease executed by them for a fixed term with the privilege of renewal, which extended beyond the expiration of such trust, becomes, upon its termination, void as to the residue of the term of the lease, and cannot be enforced thereafter by the lessee against the person entitled to the estate.

ID.—TRUST PROVISIONS OF WILL CARRIED INTO DECREE OF DISTRIBUTION —FINALITY OF DECREE — VALIDITY OF TRUST UNASSAILABLE.— Where the trust provisions of the will were carried into the decree of distribution, and such decree became final, all question as to the validity of the trust is eliminated.

ID.—DUTY OF TRUSTEES TO CONVEY TO APPOINTEE—LEASE CONTRAVENING TRUST—INVALIDITY AS TO APPOINTEE.—Where it was made the duty of the trustees, upon the death of the sole beneficiary of the trust, to transfer and convey the residue of the estate to her appointee, a lease extending beyond the death of such sole beneficiary,

12 Cal. App.—29

. not authorized by the terms of the trust, would be in contravention of its terms, and would, under section 1870 of the Civil Code, be "absolutely void," as to the appointee of such estate under the will of the deceased beneficiary.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John A. Hosmer, Judge.

The facts are stated in the opinion of the court.

Lent & Humphrey, for Appellant.

Charles S. Wheeler, John F. Davis, and J. F. Bowie, for Milos Mitrov Gopcevic, and for Executors of Will of Deceased Beneficiary, and James V. Lavery et al., Respondents.

Campbell, Metson & Campbell, for Trustees, Respondents.

Smith & Pringle, for Charles B. Russell, Respondent.

HALL, J.—This is an appeal upon the judgment-roll from a judgment entered upon an order sustaining the demurrers of the various defendants to the complaint.

The action was brought against James V. Lavery, Milos Mitrov Gopcevic, Charles B. Russell, and Henry E. Mathews and Peter M. Gopcevic, as executors of the last will of Harry A. L. Floyd Gopcevic, deceased, and James T. Boyd, Adolphus D. Grimwood and Cora M. Keeler, as the trustees under the trust created by the last will and testament of Cora Lyons Floyd, deceased, and James T. Boyd, Adolphus D. Grimwood and Cora M. Keeler individually.

The action concerns a piece of real estate in the city and county of San Francisco, and the claim of plaintiff is predicated upon a lease executed by the defendants, Boyd, Grimwood and Keeler, as trustees under the will of Cora Lyons Floyd, deceased, to plaintiff, of the said premises.

Plaintiff in its complaint prayed for judgment against the defendants that said lease is valid, and that it be specifically enforced, that the plaintiff may have such other, further or different relief in the premises as to the court might seem meet and proper.

The various defendants appeared in the groups as they were sued, and in such groups filed demurrers, raising the

point only that the complaint failed to state facts sufficient to constitute a cause of action, which were sustained. Leave to amend was not given, and the record before us does not disclose that such leave was asked.

Respondents, in support of the order of the court sustaining the demurrer, urge various objections to the complaint, which might readily have been remedied by proper amendments.

Another, and the principal objection to the complaint, goes to the validity of the lease under which plaintiff claims, and is vital to the existence of any cause of action upon such lease, whether the action be considered as one for specific performance, an action in ejectment, or an action to determine adverse claims under section 738 of the Code of Civil Procedure.

As before stated, plaintiff claims under a lease executed by defendants Boyd, Grimwood and Keeler, as trustees under the will of Cora Lyons Floyd, deceased.

It is alleged that the residue of her estate, including the real property involved in this action, was by decree of the court, having jurisdiction of the settlement of her estate, distributed to James T. Boyd, William T. Welcker and Adolphus T. Grimwood, and their successors (Keeler is the successor to Welcker), "upon the trusts and to the intents and purposes following, that is to say: Upon trust to stand seised of the real property, and to stand possessed of the personal property of every name and description to the residue of said estate belonging.

"To sell any of the personal estate . . . ; and with power also to improve any real estate of which said testatrix died seised, using for such purposes, however, only the property included in the trust thereby created, or the proceeds thereof.

"To apply as much of the principal and interest of such property as may be necessary or proper to the support, maintenance and education of the daughter of said testatrix in a manner suitable to her condition in life, until she shall have attained the age of twenty-one years, and thereafter to pay to her two-thirds of the net income of said trust estate, quarter-yearly, so long as she shall live. . . .

"And upon the death of said Harry Augustus Lyons Floyd to pay over and deliver the whole of the property of said

trust estate to her descendants, if any, in accordance with the provisions of the statutes of descents and distributions of the State of California. In case she shall leave no descendants, to pay over, convey and deliver the same property to .such person or persons, and in such manner, as the said daughter shall or may by her last will and testament designate and appoint, and failing such testamentary disposition, that the estate be divided equally between Mrs. I. L. Mathews, sister of the testatrix, and Mrs. Hume and Mrs. McAdoo, sisters of the testatrix's husband, Richard S. Floyd, and if either of them shall not them be living, her share to go to her right heirs, and if there be no such heirs, to the survivors or survivor of them and her heirs.''

The lease in question was executed by the trustees and plaintiff on the second day of February, 1904, and in terms let to plaintiff the·premises in suit from the first day of June, 1904, for the period of five years from said date, with the privilege to the lessee of an extension for three years at the same rental, and with the privilege of a further extension for two years at a rent to be agreed upon.

Before the commencement of the term under the lease, to. wit, on February 11, 1904, the said daughter of testatrix, said Harry A. L. Floyd, died leaving a will, which was subsequently admitted to probate, and in which she appointed and devised the premises in suit to Milos Mitrov Gopcevic. Though not expressly alleged, it seems to be assumed that she died without issue.

It is properly conceded by all parties that as the trust provisions of the will of Cora Lyons Floyd have been carried into the decree of distribution, which has become final, all question as to the validity of the trust is eliminated. (*Crewe* v. *Pratt,* 119 Cal. 139, [51 Pac. 38]; *Goldtree* v. *Allison,* 119 Cal. 344, [51 Pac. 561]; *Matter of Trust of Trescony,* 119 Cal. 568, [51 Pac. 951].)

It will be observed that under the terms of the trust no express power is given to the trustees to lease the real estate, as might have been done under subdivision 2 of section 857 of the Civil Code, but it is not questioned by respondents that, as incident to the power to receive and apply the rents and profits to the support of the life beneficiary, the trustees had the power to make leases that would endure to the death of such life beneficiary.

Appellant contends that the trustees took an estate in fee in trust, and that notwithstanding that upon the death of Harry A. L. Floyd it became their duty under the trust to convey and deliver the trust property to her appointee, the lease theretofore executed by them was valid and binding upon such appointee.

Respondents contend that whether the trustees took an estate in fee, or an estate for the life of Harry A. L. Floyd only, upon her death it was their duty under the trust to convey and deliver the trust property to her appointee free of any encumbrance made by them; that a lease that should endure beyond the life of Harry A. L. Floyd would be in contravention of the trust upon which the trustees held the property, and to that extent would be void.   (Civ. Code, sec. 870.)

The argument of the appellant is in the main based upon the proposition that the trustees were seised in fee, and though such fee was held in trust, as it comprised the whole estate, they might grant a lesser estate, such as a leasehold, binding upon the ultimate beneficiary.   In support of this doctrine we are cited to *Greason* v. *Keteltas,* 17 N. Y. 491; *Ahern* v. *State,* 115 N. Y. 203, [12 Am. St. Rep. 778. 22 N. E. 193]; and *Hubbell* v. *Hubbell,* 135 Iowa, 637, [113 N. W. 512, 13 L. R. A., N. S., 496].

The New York cases above cited, as well as *Newcomb* v. *Keteltas,* 19 Barb. 608, sometimes cited in support of the same doctrine, all arose under a trust contained in the will of one John Gardner, dated July 2, 1817.

In neither *Greason* v. *Keteltas* nor *Newcomb* v. *Keteltas* did it appear that either of the life beneficiaries were dead. No question was involved in either of said cases as to the validity or force of a lease after the termination of the term of the trust.   What was said in either case as to the validity of a lease for a term extending beyond the termination of the trust, and executed by a trustee holding an estate in fee, is *obiter,* and not involved in the case, as clearly appears from a careful examination of the cases, as well as subsequent New York cases referring to them.   Indeed, in *Newcomb* v. *Keteltas,* 19 Barb. 608, it was only held that the trustees during the term of the trust might make a lease for a fixed term which would not be *ab initio* void, and it was intimated

that such lease might become void upon the termination of the trust.

*Ahern* v. *State*, 115 N. Y. 203, [12 Am. St. Rep. 778, 22 N E. 193], incidentally involved the validity of a lease under the same John Gardner trust, after the termination of the trust, but no point was made by the litigants as to its validity. Both parties conceded it to be valid, and the court was not called upon to determine the question, though it used language following and citing *Greason* v. *Ketellas*, 17 N. Y. 491.

*Hubbell* v. *Hubbell*, 135 Iowa, 637, [113 N. W. 512], reviews the cases upon the general subject, but decides nothing pertinent to the case at bar. It reversed the judgment of the trial court authorizing a lease for ninety-nine years, and intimated that the trustees ought not to make a lease that would extend beyond the probable duration of the term of the trust.

Besides the fact that the early New York cases, relied on by appellant, did not involve the validity of the lease after the expiration of the trust, they did not arise under a law such as we have in this state in section 870 of the Civil Code. This section provides that "Where a trust in relation to real property is expressed in the instrument creating the estate every transfer or other act of the trustees, in contravention of the trust, is absolutely void."

Subsequently to the creation of the trust involved in the New York cases above referred to, a statute of uses and trusts was adopted in New York, section 65 of which is in substance identical with section 870 of the Civil Code. It is, "Where the trust shall be expressed in the instrument creating the estate, every sale, conveyance or other act of the trustees, in contravention of the trust, shall be absolutely void."

This section was subsequently amended in 1897 so as to authorize trustees to make leases not exceeding a term fixed in the statute that should be valid though the trust should terminate in the meantime. Prior to this later amendment and under section 65 (identical with our section 870 of the Civil Code), it was settled law in New York that a lease extending beyond the life of the trust estate would be to that extent invalid, unless such lease were in terms author-

ized by the trust. (*Matter of McCaffrey,* 50 Hun, 371, [3 N. Y. Supp. 96]; *Gomez* v. *Gomez,* 81 Hun, 566, [31 N. Y. Supp. 206], 147 N. Y. 195, [41 N. E. 420]; *Matter of the City of New York,* 81 App. Div. 27, [81 N. Y. Supp. 32]; affirmed in 179 N. Y. 572, [73 N. E. 1127].)

In the *Matter of McCaffrey,* 50 Hun, 371, [3 N. Y. Supp. 96], it was held that a lease ceased to be valid upon the termination of the trust as to the property leased. In this case the property passed to the remainderman without the necessity of a conveyance. It was not a trust to convey. In this case, however, it is pointed out that *Newcomb* v. *Keteltas,* 19 Barb. 608, and *Greason* v. *Keteltas,* 17 N. Y. 491, arose before the enactment of the statute of uses and trusts, which it is said established a new system. It is pointed out that the doctrine announced in the two early New York cases above cited, that a trustee holding the fee may make leases that will endure beyond the term of the trust, is based on the doctrine that a trustee in fee can alienate the estate to a purchaser for a valuable consideration, but that "under the present statute (section 65 above quoted) he cannot."

In *Gomez* v. *Gomez,* 81 Hun. 566, [31 N. Y. Supp. 206], 147 N. Y. 195, [41 N. E. 420], it was held that a trustee could not of his own motion make a lease with a covenant for a renewal to be enforced after the termination of the trust. The Keteltas cases are again referred to, and it is said: "These cases arose under a trust created prior to the enactment of the Revised Statutes, which effected a radical change in the law of trusts.

"In *Matter of McCaffrey,* 50 Hun, 371, [3 N. Y. Supp. 96], in which it was held that unless expressly authorized by the trust deed, a trustee is without power to make leases extending beyond the trust term, and if he attempted it, the lease is invalidated by the death of the beneficiary, the Keteltas cases are considered, and the reasons given why they should not be held to be in conflict with the doctrine of that case. The consideration which they receive meets with our approval, and, therefore, justifies the omission of their further discussion."

It was, however, held that the tenant was entitled to a renewal because the lease providing for such renewal had been authorized by a decree of the court of chancery in a pro-

ceeding to which all persons in interest were parties. This case was affirmed by the court of appeals (147 N. Y. 195, [41 N. E. 420]), and *Matter of McCaffrey* cited as to power of trustees. The court said: "The trust created by the deed being for the life of Mrs. Gomez, terminated with her death, and with her death the powers of the trustees were, as we have seen, at an end, except to turn over and convey the trust property as directed by the deed."

The case of *Matter of City of New York*, 81 App. Div. 27, [81 N. Y. Supp. 32] affirmed by the court of appeals in 179 N. Y. 572, [73 N. E. 1127], is particularly in point.

The trust was to apply the income of the trust estate for the use of the wife of the testator during her life, and upon her death to divide the estate into five equal parts, and to invest one share for each of testator's five children, and collect and apply the rents from the share set apart for each child, and upon the death of any child to convey, pay and assign his share to his issue. By the ninth clause of the will power was given the trustees to rent from year to year or for any term of years. The court held that there were two trusts—one terminating with the life of testator's wife and another as to each fifth of the trust estate, terminating at the death of his several children. It was further held that notwithstanding the power to lease given in the ninth clause of the will, any lease executed during the lifetime of testator's surviving wife would terminate at her death. The court said: "The trust estate, therefore, which the trustees held at the time when the surviving trustee executed the lease in question, continued only during the life of the widow, and unless express power to lease for a period longer than the duration of this life estate is expressed in terms in the will, the authority to lease would be limited upon the duration of such trust estate." This language is especially significant in view of the fact that the trustees continued to hold the estate after the death of the widow in trust for the children. All the preceding cases are reviewed in this case, and the change wrought in the law of New York by the statute of uses and trusts, providing that "every sale, conveyance or other act of the trustees in contravention of the trust is rendered absolutely void," is clearly pointed out. While the court in its conclusion placed stress upon a codicil to the will,

this only had reference to the court's interpretation of the express power to lease given to the trustees by the ninth clause of the will.

The case clearly holds that the cases of *Ahern* v. *State,* 115 N. Y. 203, [12 Am. St. Rep. 778, 22 N. E. 193], and *Greason* v. *Keteltas,* 17 N. Y. 491, relied on by appellant, have no application to trusts created under a statute with such a provision as is contained in section 870 of the Civil Code of this state, and that under such a statute the lease, unless expressly authorized in the trust, terminated with the trust. The dissent by certain of the judges was as to the effect of the express power to lease contained in the ninth clause of the will, and does not affect the general doctrine that, in the absence of such express power given by the trust instrument, a trustee may not make a lease that will have force after the termination of the trust.

To the same effect is *Weir* v. *Barker,* 104 App. Div. 112, [93 N. Y. Supp. 732], where all the cases are again referred to, and it is said to be settled law that, prior to some recent amendments made to the statute of uses and trusts, leases made by trustees were valid only for a period ending with the trust term.

And this, we think, must be held to be the law of this state. The argument so earnestly urged that such a rule will greatly hamper trustees, holding property for a term of uncertain duration in making advantageous leases of the trust property, is more properly addressed to the wisdom of creating such trusts, without expressly authorizing leases for such terms as may be deemed prudent, by the creator of the trust. That such power may be expressly given is not doubted.

No such authority is contained in the instrument creating this trust. While the trustees are to stand seised of the real property in trust, to apply the income to the support of the daughter of the testator during her life, upon the death of such daughter their trust requires them to transfer and convey the property to other persons or person. A lease that would be an encumbrance upon the estate conveyed to the person or persons entitled thereto upon the death of the life beneficiary would be in contravention of such trust, and is therefore void.

The conclusion we have arrived at concerning the lease makes it unnecessary to discuss the other objections urged by

respondents as to the sufficiency of the complaint, but for the reasons above set forth the court did not err in sustaining the demurrers, and the judgment is affirmed.

Cooper, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 21, 1910.