[Civ. No. 16721. Second Dist, Div. One. June 8, 1949.]

FAYE F. HAMILTON, an Incompetent Person, etc., Appellant, v. GEORGE D. FERRALL as Coexecutor, etc., et al., Respondents.

Potter, Potter & Rouse for Appellant.

Earle M. Daniels, Burdette J. Daniels and Hallam Mathews for Respondents.

DRAPEAU, J.—Demurrer to plaintiff's complaint was sustained without leave to amend, and judgment followed. Therefore, a somewhat detailed statement of the allegations of the complaint is necessary.

The complaint alleges:

1. That the plaintiff, Faye F. Hamilton, appears by guardian *ad litem*; that the plaintiff and the defendant George D. Ferrall are sister and brother, and that their father died in 1940, leaving a last will and testament. By this will the defendant brother was nominated coexecutor with another person, the brother to serve without bond.

2. After payment of specific bequests, the will directed one-half of the residue of the estate to go to the brother, or to his children if he died before the testator; and the remaining one-half of the residue to go to the said brother and a bank named in the will, as testamentary trustees for the use and benefit of plaintiff daughter. After giving the trustees powers to carry on the trust estate, and to compensate themselves, the trust provides:

(a) That the plaintiff be paid the income of the trust, and if such income be insufficient to meet her needs, at the discretion of the trustees, corpus of the trust estate be used for that purpose.

(b) That the trust terminate and the corpus thereof go to the daughter "upon the death of Alex C. Hamilton, or his divorce from my said daughter. . . ."

Alex C. Hamilton is the husband of plaintiff, with whom she lived for about 34 years as man and wife, with no dissension between them, and no suggestion or discussion of their separation.

(c) This contingency failing, it was directed that upon the death of plaintiff the trust should terminate and the corpus

thereof go to the defendant brother and his three children.

3. The complaint further alleges that at the time of the execution of the will plaintiff was suffering from illness which necessitated her placement in a sanitarium, where she remained until the filing of the complaint; that she was of unsound mind, incapable of caring for her property or understanding the nature or effect of her acts, prior to and since the entry of the decree of distribution which carried out the terms of the will and established the testamentary trust.

4. That it was the intention of the testator to give to his daughter one-half of the residue of his estate in fee simple if she would be divorced from her husband; that such a condition is contrary to good morals and legal policy, and therefore the trust was and is null and void.

5. That the defendant brother was executor of the estate until the decree of distribution, and since then has been trustee of the testamentary trust; that subsequent to the death of testator the brother entered into a conspiracy with a person named in the complaint to acquire plaintiff's property, and that while plaintiff's husband was away from California these two parties took the plaintiff to defendant brother's attorneys and induced her to make a will leaving all of her property except community to her said brother; that the making of this will was concealed from plaintiff's husband.

6. That in June of 1942, plaintiff employed an attorney at law (the guardian *ad litem* named in this proceeding) to procure an accounting in probate in decedent's estate, and to present a claim in her behalf that the trust was for maintenance and that she should be paid the income thereof from the date of death of the testator; that this claim was contested by the brother. That the brother called on plaintiff several times and told her that her husband and her attorney were endeavoring to beat her out of her property, that the brother would take care of her interests, and that she should dismiss her attorney. And that the defendant brother prepared in his own handwriting a note dated November 5, 1942, reading as follows:

"This is to notify you that I don't want the case of mine appealed. I would like to have the trust made at once."

That this note was delivered to said attorney.

That it was decided in the probate court that the provisions in the trust were for maintenance, and the plaintiff accordingly was paid accumulated income therefrom. And that

about the time of entry of the decree of distribution said attorney was discharged by plaintiff and ceased to act for her.

7. That thereafter plaintiff cancelled the will mentioned and requested the return to her of any documents signed by her in connection with it.

8. That in November of 1942, petitions were filed by the husband and the brother to be adjudged guardian of plaintiff's estate, but that both petitions were subsequently dismissed.

9. That plaintiff has never known that the trust was void; that she never attacked the trust, that there never was an adversary proceeding with relation thereto, and that because of the fraud of the defendant brother, and ignorance of the fact that the trust could be attacked, and because of her mental condition, mistake, and inadvertence, there never has been an adversary trial or adjudication of the issue; and that the defendant brother knew of the invalidity of the trust and never advised the plaintiff.

The complainant prayed for judgment declaring the trust void, that she is the owner of all of the trust property, and that the trustees are involuntary trustees thereof for her use and benefit.

 The case turns upon whether the provision in the will and in the decree of distribution "upon the death of Alex C. Hamilton, or his divorce from my said daughter" renders the trust invalid. It would be possible for Mrs. Hamilton to divorce her husband, and thus acquire the trust estate, to do with as she pleases. If there is no divorce and the husband dies before the wife does, upon her death the trust estate will go to the brother and his children.

The position of plaintiff is well stated in Restatement, Trusts, section 62, comment *d*:

"A provision in the terms of the trust is against public policy and unenforceable if its enforcement would tend to induce the commission of acts, not in themselves illegal or immoral, by supplying an improper motive for their commission, where it is against public policy to encourage the doing of such acts from such a motive. Thus, a provision in the terms of the trust may be invalid on the ground that it affords a financial reward to a person for securing a divorce or separation from his spouse, or for neglecting his parental duties, or for refraining from marriage, or for changing his religious faith, or for refraining from performing acts beneficial to the nation or the State. Such a provision may be

invalid not only where the act to be rewarded involves a violation of law, such as the securing of a divorce through fraud or collusion, but also where the act is in itself lawful. The reason is that it is against public policy to induce persons for a reward to do such acts.''

In the early California case of *Born* v. *Horstmann,* 80 Cal. 452, 455 [22 P. 169, 338, 5 L.R.A. 577], it was held that the following clause did not destroy a testamentary trust:

''And in the event of any of my said daughters becoming a widow *or otherwise becoming lawfully separated from her husband,* then to distribute'' the estate to such daughter to which it might apply.

In the pending case the trial court adopted the view that the intention of the testator was to protect his daughter; that he knew that so long as she was married to Alex C. Hamilton she would be supported by him, but anticipating that the death or divorce of the husband would end his daughter's support from that source, the testator tried to provide for her better support in either of these contingencies.

In such cases as this the primary consideration is the intention of the testator. When by will he creates a trust a liberal construction should be given to its terms, it being the policy of the law to carry out the testator's intention so far as possible. (*Estate of Heywood,* 148 Cal. 184 [82 P. 755].) The language of the trust must admit of no other reasonable construction than that of illegality before a court will declare it invalid. (*Estate of Wellings,* 197 Cal. 189 [240 P. 21].)

Therefore we approve of the holding of the trial court that the trust provision here in question is valid.

Having come to this conclusion it is unnecessary to determine whether the complaint states sufficient facts in equity to require judicial inquiry as to extrinsic fraud which would warrant setting aside the decree of distribution. In the absence of pleading and proof of this essential prerequisite, the trust provisions of a will carried into the decree of distribution are final; all questions as to the validity of the trust are eliminated. (*South End Warehouse Co.* v. *Lavery,* 12 Cal.App. 449 [107 P. 1008].)

The judgment is affirmed.

White, P. J., and Doran, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 4, 1949.