DUNCAN CAMERON WADDELL, JR., TRUSTEE, ETC., v. UNITED CIGAR STORES OF AMERICA.

(Filed 4 April, 1928.).

### Trusts—Management and Disposal of Trust Property—Right to Lease—Contingent Interests—Persons Not in Esse—Representation.

Where the trustee under a will is given full authority to lease a certain store, the property of the testator left in trust to pay first a certain part of the rental to a designated beneficiary in certain semiannual payments, to be made therefrom for life, the remainder of the rent to certain other beneficiaries, and then provides for a series of contingencies relating to the death and survival of such beneficiaries, with the final vesting of the title of the building upon a further contingency, a judgment of the court in which all contingent interests are properly represented, both as to those *in esse* and those not *in esse*, all having the same interest, authorizing a lease for thirty years to be made by the executor and trustees under the will, which lease, under the table of expectancy, C. S., 1790, of the beneficiaries, would terminate before the trust, and would not interfere with the final devolution of the property according to the will, is valid and binding, and objection thereto on the ground that the lease may extend beyond the term of the trust is untenable. C. S., 1744, 1745.

APPEAL by defendant from *Moore, J.,* at January Term, 1928, of BUNCOMBE.

Leila Johnston Waddell died 1 December, 1924, leaving a last will and testament which was duly admitted to probate in Buncombe County. She appointed her husband, Duncan Cameron Waddell, her sole executor and trustee and gave him full power and authority to perform all duties devolving upon him and provided that if he should not qualify or if he should die before the administration of her estate is completed the Wachovia Bank & Trust Company should become her executor and trustee with the same powers that were conferred upon her husband. The three items following are material to the controversy:

"Item 5. I give and bequeath to Gabrielle DeRossett Waddell, of Wilmington, North Carolina, an annuity of $1,000, for and during her natural life, and I direct my executor and trustee to pay semiannually to said Gabrielle DeRossett Waddell said amount from the income derived from the Paragon Building, located at the corner of Patton Avenue and Haywood Street, in the city of Asheville, North Carolina, hereinafter particularly referred to, so long as she may live, and I do hereby make said annuity a first charge on the income derived from said property.

Item 6. I give, devise and bequeath all the rest, residue and remainder of my estate, real, personal and mixed, and wheresoever situate, to my husband, Duncan Cameron Waddell, in fee, except that certain property

in the city of Asheville, at the corner of Patton Avenue and Haywood Street, known as the Paragon Building, and specifically mentioned hereinafter in my said will, and I devise and bequeath said Paragon Building property to said Duncan Cameron Waddell, in trust, to handle, manage, control and improve in such way as to him may seem desirable, and to collect all income therefrom and out of said income he shall pay to Gabrielle DeRossett Waddell the annuity herein given in Item V hereof, and all the income derived from said property, not required to pay said annuity, shall be and become the personal property of the said Duncan Cameron Waddell.

Item 7. After the death of my husband, Duncan Cameron Waddell, I devise and bequeath said Paragon Building property aforesaid, situate at the corner of Patton Avenue and Haywood Street, in the city of Asheville, to the Wachovia Bank & Trust Company, of Winston-Salem, North Carolina, in trust, to be by it held, managed and controlled for the joint interest and benefit of Robert Bruce Johnston and William Johnston, sons of William Johnston of Asheville, North Carolina, subject, however, to the annuity charge mentioned in Item V for the benefit of Gabrielle DeRossett Waddell. I direct said trustee, after the payment of said annuity, to pay the net income derived from said property, equally and semiannually, to the guardian or guardians of the said Robert Bruce Johnston and William Johnston until they become of age, and thereafter pay it to them semiannually, share and share alike, for and during their natural lives. In the event of the death of one of them before the other, then said net income shall be paid to the survivor, at the times heretofore directed, unless the one dying shall leave children surviving him, in which event his part of said net income shall be paid, as heretofore directed, to the guardian of his child or children, share and share alike, until he, she or they, shall reach the age of 21 years, and then to him, her or them during the existence of the trust herein created. Said trust shall terminate upon the death of both said Robert Bruce Johnston and William Johnston, and then said trustee shall turn over and deliver to the child or children of each of them surviving, *per stirpes,* if there be any, or the children of the survivor, if there be any, said property, and make and execute any and all necessary instruments or writings required to invest him, her or them with full and complete title to said property. If, however, said Robert Bruce Johnston and William Johnston shall die leaving no child or children surviving, said trustee, aforesaid, shall turn over and deliver and make and execute all instruments or writings required to invest the Diocese of Western North Carolina of the Protestant Episcopal Church of the United States of America, with complete title to said property."

The parties hereto entered into an agreement, the form of which is satisfactory to them, by which the plaintiff is to lease the Paragon Building to the defendant for a term of thirty years from 1 January, 1928, at an agreed rental price; and for the purpose of obtaining legal authority to execute the lease the plaintiff prosecuted a civil action in the Superior Court of Buncombe County entitled "Duncan Cameron Waddell, Trustee, v. Wachovia Bank & Trust Company, et al," the judgment roll of which is made a part of the record. The defendants in that action were the Wachovia Bank & Trust Company, the Diocese of Western North Carolina of the Episcopal Church of the United States of America, Robert Bruce Johnston and William Johnston, their guardian, Sarah W. Johnston, "and all persons not *in esse*." The present defendant was not a party. In that case the plaintiff's allegations were admitted by all the defendants and Judge Schenck upon facts found and set out in the judgment adjudged that the plaintiff has power and authority to execute the lease; but when it was executed and tendered the defendant refused to accept it for the alleged reason that the Superior Court did not have any jurisdiction, either statutory or inherent, of the subject-matter thereof, or of the parties and purported parties thereto, including the remaindermen not yet *in esse,* and the said decree is not valid and binding upon all of the parties, purported parties and the remaindermen not yet *in esse.*

Judge Moore adjudged that the lease was valid and that the plaintiff is entitled to the rental price of the property accruing since 1 January, 1928. The defendant excepted and appealed.

*Merrimon, Adams & Adams for plaintiff.*
*Geo. H. Wright for defendant.*

ADAMS, J. This is a controversy without action submitted under Article 25 of the Consolidated Statutes to test the validity of a written instrument executed by the plaintiff and tendered to the defendant for the lease of a building situated at the corner of Patton Avenue and Haywood Street, in the city of Asheville, known as the Paragon Building. The house is a three-story brick structure which was erected twenty-five or thirty years ago—a barber shop in the basement; a bank and stores on the ground floor; on the second floor offices; and on the third a large hall. There is no elevator, and for this reason in part the rental value of the third floor is comparatively negligible. For the proposed lease, which is to continue for a term of thirty years from 1 January, 1928, the defendant agrees to pay $709,500—for the first seven years $1,875 monthly in advance, and $2,000 each month for the remaining twenty-three years. If the agreement is mutually executed the lessee will be

obligated to keep the property in repair, to pay all such taxes and assessments as may be levied against it, to keep it insured, and to pay any damages which may be sustained.

The appellant raises the two questions whether, without reference to the judgment, the trustee is authorized by the sixth item of the will to make the contemplated lease, and, if not, whether such authority is conferred upon him by the judgment of the court. In regard to the first, the plaintiff says that the devise in trust "to handle, manage, control, and improve (the property) in such way as to him may seem desirable, and to collect all incomes therefrom" empowers him to execute the lease without the direction or permission of the court—a position not without the support of authority. 2 Perry on Trusts (6 ed.), secs. 484, 528, 608; 2 Thompson on Real Property, sec. 1094; *In re Upham,* 152 Wis., 275, 48 L. R. A. (N. S.), 1004, 1014; *Penn. Horticultural Society v. Craig,* 87 Atl., 678. On the other hand the point is made that trustees who are not given express authority to rent the trust property may not execute a lease for a term which is likely to extend beyond the trust period. *Hubbell v. Hubbell,* 13 L. R. A. (N. S.), 496, 503; *Gomez v. Gomez,* 31 N. Y. Sup., 206; *ibid.,* 41 N. E. 420; Note 14 Ann. Cas., 651; *South End Warehouse Co. v. Lavery,* 107 Pac., 1008; *Cox v. Lumber Co.,* 175 N. C., 299, 304. But this question is not necessarily presented: the testatrix provided that the trust should terminate upon the death of Robert Bruce Johnston and William Johnston, whose expectancy according to the mortuary tables is respectively 44.9 and 45.5 years, a period, in either event, considerably longer than that of the lease. C. S., 1790.

As the renting will not in any way alter or modify the ultimate devolution of the property, the Superior Court in the exercise of its equitable supervision had authority to make such order as it deemed beneficial if all interests were represented and the parties were properly within its jurisdiction. 26 R. C. L., 1301, sec. 154; *In re Upham, supra.* While there are decisions to the effect that a lease which is to extend beyond the termination of the trust is not binding on remaindermen who are not subject to legal process (2 Perry on Trusts, sec. 484 n.), the pivotal question is whether all the parties who are or may be affected with an interest in the property had actual or virtual representation at the hearing.

The testatrix devised the Paragon Building to her husband "to manage, control, and improve," but she provided that the trust should survive him; that after his death the property should be held by the Wachovia Bank & Trust Company for the joint interest and benefit of Robert Bruce Johnston and William Johnston. Subject to the annuity given Gabrielle DeRossett Waddell the income derived from the property

must be paid by the trustee to the guardian of these two devisees until they arrive at the age of twenty-one years, and thereafter directly to themselves. If either die without children surviving him the net income shall be paid to the other; but if the deceased leave children his share shall be paid to their guardian until they attain their majority and thereafter to them share and share alike. Upon the death of Robert Bruce Johnston and William Johnston the trust shall come to an end and the property shall be delivered to the surviving child or children, *per stirpes;* and if no child survive them then to the diocese described in the will.

In *Ex parte Dodd,* 62 N. C., 98, this Court held that if land be devised to a person for life with remainder in fee to his children a sale of the land cannot be ordered before the birth of a child, because there is no one *in esse* to represent its interest; but if there be a living child in whom the fee can vest a sale may be ordered, though all the children of their class may not yet have been born. See *Miller ex parte,* 90 N. C., 625; *Irvin v. Clark,* 98 N. C., 437; *Springs v. Scott,* 132 N. C., 548; *Lumber Co. v. Herrington,* 183 N. C., 85; *Bank v. Alexander,* 188 N. C., 667. But the rule formerly prevailing has been modified by legislation. C. S., 1744, 1745. *Pendleton v. Williams,* 175 N. C., 248; *Poole v. Thompson,* 183 N. C., 588.

The statutes just cited apply, however, to a sale of property in which there are or have been contingent interests. In the case before us it is not proposed to convey the legal title, or, as we have said, to change the course of devolution, but to execute a lease which, except as modified by statute, is treated as a chattel real, falling within the classification of personal property. It is obvious that between a sale and a lease of real property there is a distinction which often calls for the application of diverse principles. We have referred to those controlling in case of a sale; but a lease authorized by the decree of a court of chancery may be binding upon beneficiaries not *in esse* when their interests are the same as those of persons in being who are subjected by due process to the jurisdiction of the court. 26 R. C. S., 1302, sec. 155. The principle is thus stated in *Denegre v. Walker,* 2 Ann. Cas. (Ill.), 787, 790: "It is further insisted that persons not yet *in esse* may, on the happening of certain contingencies, become interested in this estate, and that no decree can bind such persons. This contention is without merit. In the case of *Hale v. Hale, supra,* in discussing this question, we said (p. 259): 'Such possible parties cannot, as a matter of course, be brought before the court in person, and it would be highly inconvenient and unjust that the rights of all parties in being should be required to await the possible birth of new claimants until the possibility of such birth has become extinct. If persons in being are before the court who have the same interest and

are equally certain to bring forward the entire merits of the question and thus give such interests effective protection, the dictates both of convenience and justice require that there should be a complete decree. . . . The rights of those *in esse* and those not *in esse* are protected by the decree in precisely the same way and to the same extent. . . . The decree, therefore, must be held to be valid as a conclusive disposition of the rights of all the beneficiaries, as well those not *in esse* as those who were made defendants to the bill by name.' So in this case, parties not *in esse* are protected the same as those before the court. Nor can we see how their interests could be diminished by the making of the lease."

The interest of Robert Bruce Johnston and William Johnston in seeing that the building is rented is identical with such interest as the contingent remaindermen might have. The living devisees may be regarded as certain "to bring forward the entire merits of the question" and to exercise diligence to protect all interests. It is found as a fact and set out in the judgment that the lease will benefit the trust estate and subserve the interest of the beneficiaries in being and in possibility, and as there is no provision that will interfere with the title or impair the interest or income of any of the contingent remaindermen we discover no sufficient reason for disturbing the judgment. Judgment

Affirmed.