SPERO MOCHE v. JOE LENO, NELSON PITCHI AND DAN PITCHI, TRADING AS RED APPLE CAFE.

(Filed 26 February, 1947.)

**1. Landlord and Tenant § 2—**

A lease for a term of years is personal property, and is governed by the rules of law applicable to personal property and not by the requirements of law for the conveyance of real property.

**2. Common Law § 1—**

So much of the common law as is not destructive of or repugnant to, or inconsistent with, our form of government and which has not been abrogated or repealed by statute, or become obsolete, is in full force and effect in this State. G. S., 4-1.

**3. Landlord and Tenant § 2—**

A seal is not necessary to the validity of a lease regardless of the length of the term. The common law, which did not require leases to be in writing, is in full force and effect, modified only by the statutory requirement that a lease of more than three years be in writing, G. S., 22-2.

APPEAL by plaintiff from *Bone, J.,* at October Term, 1946, of WILSON.

Action of summary proceeding in ejectment begun in court of justice of the peace, and heard in Superior Court on appeal thereto by plaintiff from judgment for defendants.

For purposes of this appeal, these are the essential facts: Upon trial *de novo* in Superior Court, the parties stipulated that plaintiff is the owner of premises, referred to as Red Apple Cafe, of which defendants are in possession, claiming possession under a paper writing, dated 10 September, 1940, not under seal, but signed by Birdie S. Buford and Joe Leno, purporting to be a lease for a period of five years, commencing 1 October, 1940, with privilege in lessee for renewing for an additional period of five years next thereafter. Plaintiff then offered the paper writing in evidence for purposes of attack for that, and of showing that it is not under seal. When plaintiff rested his case, defendants offered the paper writing without limiting the purpose,—it having been registered prior to date plaintiff acquired title. Other evidence pertaining to other features of the case were offered by the parties respectively.

At the close of all the evidence the case was submitted to the jury on this issue: "Is the plaintiff entitled to the immediate possession of the premises described in the affidavit of the plaintiff in the above captioned proceedings?" Under peremptory instruction from the court, the jury answered the issue "No."

From judgment on the verdict, plaintiff appeals to Supreme Court, and assigns error.

*Connor, Gardner & Connor and J. A. Jones for plaintiff, appellant.*
*Lucas & Rand for defendants, appellees.*

WINBORNE, J.   Does the validity of a lease of real estate for a term of more than three years, required by statute, G. S., 22-2, to be in writing, depend upon whether it is or is not under seal? Basically, the correctness of the peremptory instruction given by the court below which plaintiff assigns as error rests upon the answer to this question. That instruction indicates a holding that a seal is not an essential part of such lease. While this particular question has not been considered heretofore by this Court, consideration of pertinent principles of law leads the Court to agree with such holding.

At common law a lease of land for a term of years, however long, was not required to be in writing. This, however, was changed by the statute of frauds. Tiffany on Real Property, 3rd Ed., Vol. 1, p. 119.  35 C. J., 971, L & T 48 (2). Nevertheless, at common law a seal was not essential to the validity of such lease.  3 Thompson on Real Estate, Permanent Ed., 170.

In this State this Court in *Moring v. Ward,* 50 N. C., 272, defines a lease for years as "a contract by which one agrees, for a valuable consideration, called rent, to let another have the occupancy and profits of the land for a definite time." Also, that there is a distinction between a lease and sale of real estate is pointed out in *Waddell v. Cigar Stores,* 195 N. C., 434, 142 S. E., 585, where *Adams, J.,* uses this language: "In the case before us it is not proposed to convey the legal title . . . but to execute a lease which, except as modified by statute, is treated as a chattel real, falling within the classification of personal property. It is obvious that between a sale and a lease of real property there is a distinction, which often calls for application of diverse principles."

Furthermore, the text writers state that estates less than freehold, called "estate for years," however long, created by lease, have been classified almost invariably as personal, and not real property, and governed by the rules of law applicable to other kinds of personal property. 35 C. J., 970 and 971, L & T, Sec. 47 A (1) and Sec. 48 (2).  Tiffany on Real Property, 3rd Ed., Vol. 1, pp. 34 and 109, Secs. 25 and 73.

Tiffany, Sec. 25, *supra,* states that "Estates less than freehold include primarily estates for a fixed period, the termination of which is capable of ascertainment from the beginning, called 'estates for years.' " The author further states (Sec. 73) that "such interests have almost invariably been classified as personal, and not real property, even though the estate be limited to endure for a thousand years, and have, together with other similar estates of less duration, borne the generic term of 'chattels real.' "

In summary, it appears to be well settled that a lease for a term of years is personal property. And, hence, it is governed by the rules of law applicable to personal property, and not by the requirements of law for the conveyance of real property, by deed signed, sealed and delivered.

In the light of these principles, it seems to be the universal rule that written leases for a term of years are not required to be under seal. Thompson on Real Estate, *supra,* treating of necessity of seal, has this to say: ". . . The universal rule today, both in this country and in England, is that the written document which furnishes evidence of a demise sufficient to satisfy the Statute of Frauds need not be under seal." And, continuing, the author says: "Some statutes expressly provide that a lease for a term of years is required to be under seal; but in the absence of such provision, no seal is required, regardless of the length of the term." And in 32 Am. Jur., 59, Landlord & Tenant, Sec. 38, subject "Seal," this pertinent declaration appears: "In the absence of a statute expressly providing otherwise, a lease for a term of years, however long, is not required to be under seal; and the provision of the statute of frauds requiring leases for a term longer than a specified term to be in writing would not, of course, require that the written instrument be also under seal."

Furthermore, in this State it is provided by statute that so much of the common law "as is not destructive of, or repugnant to, or inconsistent with, the freedom and independence of this State . . . not abrogated, repealed, or become obsolete" is in full force and effect in this jurisdiction. See *S. v. Hampton,* 210 N. C., 283, 186 S. E., 251.

While the General Assembly of North Carolina has enacted a statute, G. S., 22-2, which provides that "all leases and contracts for leasing lands exceeding in duration three years from the making thereof, shall be void unless said contract or some memorandum or note thereof, be put in writing and signed by the parties to be charged therewith . . .," the statute does not require that such writing be under seal. Hence, it would seem that the common law, modified by the statutory requirement that a lease of more than three years be in writing, is in full force and effect in this State, and the seal is not an essential part of such lease.

In view of what is said above, other assignments brought forward on this appeal need not be considered.

The judgment below is

Affirmed.