CAPITAL OUTDOOR ADVERTISING, INC. v. ROBERT HARPER

No. 7010SC6

(Filed 1 April 1970)

1. **Landlord and Tenant § 2— lease for term of years — personalty**

   A lease for a term of years is personal property and is governed by the rules of law applicable to personal property, not by the requirements of law for the conveyance of real property.

2. **Frauds, Statute of § 8; Landlord and Tenant § 2; Estoppel § 4— insufficiency of description of leased premises — possession in lessee — estoppel to assert invalidity of lease**

   A lessee is estopped to assert the invalidity of a lease because of ir-

regularity or insufficiency of the description of the premises where he has gone into possession of the premises under the lease and has paid the stipulated rent or otherwise exercised control of the premises.

**3. Landlord and Tenant § 19— executed contract — possession in lessee — estoppel to assert invalidity of lease for uncertainty of description**

 In this action for breach of a contract for the lease of two highway signs for a period of nine years, the trial court properly overruled defendant's demurrer to the complaint on the ground that the lease was void because of insufficiency of the description of the real estate upon which the signs were to be located, where the contract has been fully executed by plaintiff lessor by construction of the signs in accordance with the terms of the lease, and defendant has paid seven months rental under the terms of the lease and has accepted the benefits of the signs.

APPEAL from *Carr, J.*, May 1969 Regular Civil Session of WAKE Superior Court.

Plaintiff instituted this action to recover damages from the defendant for breach of contract. The plaintiff alleged that on 23 July 1965 a contract was entered between Capital Sign Service, Inc. (Capital), assignor of the plaintiff Capital Outdoor Advertising, Inc., and the defendant Robert Harper (Harper), whereby Capital was to lease to the defendant two highway signs eight feet high by thirty-six feet wide to be located on highway #70 east of Raleigh, North Carolina. The highway signs, which were the subject of the lease, were to be illuminated with fluorescent fixtures and the defendant was to be given his choice of the color of the lettering to be used on the signs, the color of the background and the color of the borders. The lease stated that the lessee (Harper) had approved and accepted a sketch of the signs to be erected and that all matters not covered by the lease were to be left to the sole judgment and discretion of the lessor (Capital). The term of the lease was to be nine years commencing 1 September 1965 at a monthly rental of one hundred seventy-two and no/100 ($172.00) dollars plus three percent North Carolina sales tax for sixty months and eighty-six and no/100 ($86.00) dollars for the remaining forty-eight months. In addition to the above rents, the defendant was to pay Capital three hundred forty-four and no/100 ($344.00) dollars upon the execution of the contract.

The plaintiff, in his complaint, further alleged that the signs were made and constructed by Capital at the defendant's request and according to drawings which had been approved by the defendant and showing defendant's trademark and trade name. Upon execution of the contract the defendant paid Capital three hundred fifty-four and

32/100 ($354.32) dollars and has subsequently paid eight hundred eighty-five and 80/100 ($885.80) dollars in monthly rental and sales tax for five months through January 1966.

On 20 April 1966 the plaintiff became the assignee of the lease. The plaintiff alleged that demands have been made on the defendant Harper but that the defendant has failed and refused to make any further payments since 10 February 1966 when he made payment for the January 1966 rental.

Following defendant's answer to the original complaint denying the plaintiff's allegations, the plaintiff filed an amendment to its complaint. On 25 September 1968 the defendant answered this amendment and on 28 May 1969 he filed a demurrer *ore tenus* to the complaint on the ground that it did not state a cause of action against the defendant in that:

"1. The Complaint alleges and sets forth a certain lease agreement as a basis for its cause of action against the defendant, purporting to lease certain personal property to be located on land during said lease, but that the description of said personal property and the land upon which it purports to be located is so vague, uncertain and indefinite as to be not susceptible of identification or determination and is not sufficient to either identify or locate such property or land, and that said alleged lease agreement is therefore void upon its face and unenforceable."

The defendant's demurrer was overruled and the court allowed the plaintiff to make a second amendment to the complaint whereby he made more specific the description of the real estate upon which the highway signs had been located. At the trial of the cause, the jury returned a verdict in which it found that the plaintiff had performed its obligations under the lease agreement, that the defendant had breached the lease agreement and allowed the plaintiff to recover damages in the amount of $3,500.00.

From the overruling of the demurrer and the signing of the judgment, the defendant appealed.

*Sanford, Cannon, Adams and McCullough, by J. Allen Adams, for the plaintiff appellee.*

*Crisp and Twiggs, by Howard F. Twiggs, for the defendant appellant.*

HEDRICK, J.

The plaintiff seeks to recover damages for the breach of a contract for the lease of two highway signs for a period of nine years.

[1] "A lease for a term of years is personal property, and is governed by the rules of law applicable to personal property and not by the requirements of law for the conveyance of real property." 5 Strong, North Carolina Index 2d, Landlord and Tenant, § 2; *Moche v. Leno*, 227 N.C. 159, 41 S.E. 2d 369 (1947).

The appellant contends that the alleged lease in this case is void because the description of the real estate upon which the signs were to be located was too vague, uncertain and indefinite to constitute a valid agreement and that the trial judge erred in overruling his demurrer to the complaint. The appellant, in his brief, cites numerous North Carolina cases which deal with the sufficiency of descriptions. In each of the cases cited the Court was concerned with the construction of executory contracts for the conveyance of real property. In *Farmer v. Batts*, 83 N.C. 387 (1880), cited by the appellant, there was an action to enforce the specific performance of an executory contract for the sale of land. The description of the property was ". . . one tract of land containing one hundred and ninety three acres, more or less, it being the interest in two shares adjoining the lands of James Barnes, Eli Robbins and others." At the trial the defendant objected to evidence which was offered by the plaintiff to identify the property. When the objection was sustained and the evidence excluded, the plaintiff submitted to a nonsuit and appealed. After a thorough review of the cases which involved descriptions, the court held that the description of the property which was the subject of the contract was not so fatally defective as to be so declared by the court and withdrawn from the jury and that the nonsuit was not proper.

"Contracts are executed or executory. A contract is executed where everything that was to be done is done, and nothing remains to be done. . . . An executory contract is one where it is stipulated by the agreement of minds, upon a sufficient consideration, that something is to be done or not to be done by one or both the parties." *Farrington v. Tennessee*, 95 U.S. 683, 24 L. Ed. 558 (1878).

[3] In the present case it is apparent that the plaintiff had performed all of its obligations. The highway signs, approved and accepted by the defendant, have been constructed and erected, the defendant has paid seven months rental under the terms of the lease and has received benefits from the signs. In addition, the plaintiff

ADVERTISING, INC. *v.* HARPER

continued to light these two highway signs under the terms of the lease agreement for at least twenty months after the defendant ceased paying rent and until a successor restaurant complained about the lighting of these signs. The plaintiff has continued to carry insurance on these signs, pay the electric bill, land rents and sales tax to the State of North Carolina for the rental of the signs and in all ways has offered and stands ready to perform the obligations and duties of its assignor under the terms of the lease agreement.

[2] There have been few cases decided which involve the issue raised by the appellant; however, it is settled law in North Carolina that a party will not be allowed to accept benefits which arise from certain terms of a contract and at the same time deny the effect of other terms of the same agreement. *Shuford v. Oil Co.*, 243 N.C. 636, 91 S.E. 2d 903 (1956). In 32 Am. Jur., Landlord and Tenant, § 40, we find the following:

> "In the few cases in which the question has been raised, it has uniformly been held or recognized, though not always in precise terminology, that a lessee is estopped to assert the invalidity of a lease because of irregularity or insufficiency of the description of the premises where he has gone into possession of the premises under the lease and has paid the stipulated rent, or otherwise exercised control over the premises."

[3] In *Beckett v. Paris Dry Goods Co.*, 14 Cal. 2d 633, 96 P. 2d 122 (1939), the Court said that while a lease must include a definite description of the property leased, where a person goes into possession under a contract containing an ambiguous or uncertain description of the property and pays the agreed rent, it will be enforced as a lease just as if the parties had acted upon it as relating to particular premises. See also 84 A.L.R. 2d 922. In the present case the appellant, Harper, has paid the stipulated rent and has been, in effect, placed in possession of the premises by the plaintiff's assignor. The contract has been fully and wholly executed by the lessor by constructing and erecting the highway signs according to the terms of the lease and the defendant, having accepted the benefits of these signs, will not now be heard to repudiate the validity of the lease for any uncertainty in the description of the premises.

We hold that the court below did not commit error in overruling the appellant's demurrer and that the judgment should be

Affirmed.

CAMPBELL and PARKER, JJ., concur.