ALPINE VILLAGE, INC. v. LOMAS & NETTLETON FINANCIAL
CORPORATION

No. 7512DC424

(Filed 5 November 1975)

**Rules of Civil Procedure § 56— summary judgment before defendant's answer**

Summary judgment for plaintiff was premature where defendant had filed no answer, summary judgment was entered and defendant's Rule 12(b)(6) motion to dismiss was denied on the same date, defendant still had 20 days after notice of the denial of its Rule 12(b)(6) motion in which to file answer, and defendant had not waived its right to file answer, since the trial court could not anticipate what defendant's answer would be if it filed answer.

APPEAL by defendant from *Herring, Judge*. Judgment entered 15 April 1975 in District Court, CUMBERLAND County. Heard in the Court of Appeals 16 September 1975.

This is a civil action wherein the plaintiff, Alpine Village, Inc., seeks to recover from the defendant, Lomas & Nettleton Financial Corp., $3,500.00, allegedly paid by it for services which the defendant never rendered.

On 19 December 1974 plaintiff's complaint was served on defendant. By stipulation, filed 16 January 1975, the parties agreed that defendant would have "up to and including thirty (30) days from 19 January 1975, in which to file an answer." On 18 February 1975, within the thirty (30) days, defendant filed and served on plaintiff a motion to dismiss under G.S. 1A-1, Rule 12(b)(6) for failure to state a claim upon which relief could be granted. On 20 February 1975, plaintiff filed a motion for summary judgment which was served on 27 February 1975. Plaintiff's motion was supported by an affidavit which reiterated the allegations of the complaint. Upon motion made by defendant on 21 March 1975, the hearing on both the motion to dismiss and the motion for summary judgment was continued until 1 April 1975. On 26 March 1975 defendant, in opposition to the motion for summary judgment, filed an affidavit wherein a vice president of defendant corporation denied, on information and belief, the material allegations on the complaint and the affidavit filed in support of the motion for summary judgment. On 1 April 1975, a hearing on both motions was held, and Judge Herring denied defendant's 12(b)(6) motion and

allowed plaintiff's motion for summary judgment. Defendant appealed.

*Smith & Geimer by Kenneth Glusman for plaintiff appellee.*

*Pope, Reid & Lewis by Marland C. Reid for defendant appellant.*

HEDRICK, Judge.

Although the record indicates that defendant excepted to the order denying its 12(b)(6) motion, defendant has failed to bring forward and argue this exception in its brief. It is, therefore, deemed abandoned. Moreover, it is clear that the complaint does state a claim upon which relief can be granted.

Defendant assigns as error the entry of summary judgment for plaintiff. Since G.S. 1A-1, Rule 56(a) provides that claimant may file a motion for summary judgment at any time thirty days after the commencement of the action and G.S. 1A-1, Rule 6(b) provides that the time within which to file responsive pleadings may be extended for thirty days, summary judgment for claimant, under some circumstances, might be appropriate before the responsive pleading has been filed or even before the time to file responsive pleadings has expired.

In the present case, defendant filed no answer, but it had twenty days after it received notice that its 12(b)(6) motion had been denied within which to file an answer. G.S. 1A-1, Rule 12(a)(1). The affidavit filed by defendant in opposition to plaintiff's motion for summary judgment denied the material allegations of plaintiff's complaint; but this affidavit was rejected and not considered by the court because it was not in the form prescribed by Rule 56(e). We note the court's ruling in this regard was correct.

If the rejected affidavit had been filed as an answer, it would have raised genuine issues of material fact and summary judgment for plaintiff obviously would have been inappropriate. Since the defendant had not waived its right to file an answer and the defendant had even moved that the hearing on plaintiff's motion for summary judgment be continued, and the trial court could not anticipate what defendant's answer would be if it did in fact file an answer, summary judgment for plaintiff under the circumstances of this case was premature. Because of the unusual posture of the case at the time summary judg-

ment was entered for plaintiff, we need not consider the legal effect of the affidavit filed by plaintiff in support of its motion for summary judgment. *See Cutts v. Casey,* 278 N.C. 390, 180 S.E. 2d 297 (1971); *Shearin v. National Indem. Co.,* 27 N.C. App. 88, 218 S.E. 2d 207 (1975).

For the reasons stated the judgment appealed from is vacated and the cause remanded to the district court for further proceedings.

Vacated and remanded.

Judges MORRIS and ARNOLD concur.