REDEVELOPMENT COMMISSION OF THE CITY OF GREENVILLE
v. LUCY K. HANNAFORD; MARTHA K. BURROUGHS; WHITE
STORES, INC.; THE CITY OF GREENVILLE; THE COUNTY OF
PITT

No. 753SC844

(Filed 17 March 1976)

**Estoppel § 4— acceptance of benefits — quasi estoppel**

Where a husband and wife owned land as tenants by the entirety,
a consent judgment in an alimony action required the husband to
convey the land to the wife for life with remainder in the children of
the parties, and the husband executed such a deed, but the deed was
not signed by the wife and was thus not legally effective to convey the
remainder interest to the children, the wife, by her acceptance of the
benefits of the consent decree over a period of thirty-five years, was
estopped to deny that the remainder was vested in the children, and a
daughter who claimed the property as residuary devisee under the
wife's will was likewise estopped.

APPEAL by Respondent, Martha K. Burroughs, from *Rouse,
Judge.* Judgment entered 27 August 1975, in Superior Court,
PITT County. Heard in the Court of Appeals 12 February 1976.

It was stipulated in pretrial conference that J. F. King
and wife Cornelia King became the owners of a lot on Dickerson
Avenue in Greenville as tenants by the entirety; that in 1930
Cornelia King filed an action in Pitt County wherein she
sought alimony without divorce from J. F. King; that on 11

1

September 1930, a consent decree was entered in Superior Court granting alimony and requiring Mr. King to convey the real property to Mrs. King for life with remainder to the three children born of their marriage. On 18 September 1930, J. F. King executed a deed for the lot to Mrs. King, but Mrs. King did not sign the deed. Mr. King died in 1943.

In 1938 William King, son of J. F. and Cornelia King, conveyed his one-third remainder interest in the property to his sisters, the respondents, Lucy K. Hannaford and Martha K. Burroughs. Mrs. King died testate on 10 August 1965, and no mention of the real property in question was made in her will. She left the residuary estate to Martha K. Burroughs and also appointed her executrix. In filing the ninety-day inventory, inheritance tax return and final accounting, no real property assets of the estate were included.

In 1966, the respondent sisters, together with their husbands, leased the property in question to White's Stores, Inc., and since then each has received half the monthly rent paid by White's, and each has paid income tax on the rent received. Each one has also paid one-half of the ad valorem taxes on the property.

Petitioner brought this action to condemn the property in question. Martha K. Burroughs, residuary beneficiary under the will of Cornelia King, in her answer alleged that she was sole owner of the property. Lucy K. Hannaford answered alleging that she and her sister each owned an undivided one-half interest in the lot. From the judgment holding that each had a one-half undivided interest in the property, Martha K. Burroughs appeals.

*Gaylord, Singleton & McNally by Phillip R. Dixon and L. W. Gaylord, Jr., for respondent appellant Martha K. Burroughs.*

*Frank M. Wooten, Jr., for respondent appellee, Lucy K. Hannaford.*

CLARK, Judge.

The deed for the entirety property was executed by the husband subsequent to and pursuant to the consent decree entered in the Superior Court of Pitt County. A consent judgment is the contract between the parties entered upon the records

with the approval and sanction of the court. *Bland v. Bland,* 21 N.C. App. 192, 203 S.E. 2d 639 (1974) ; 5 Strong, N. C. Index 2d, Judgments, § 8, p. 19. It is construed as any other contract. *Mullen v. Sawyer,* 277 N.C. 623, 178 S.E. 2d 425 (1971).

Under the terms of the consent decree Mrs. King received the right to the usufruct of the entirety property, a right which enures to the husband only in tenancy by the entirety. *Strange v. Sink,* 27 N.C. App. 113, 218 S.E. 2d 196 (1975). She relinquished her right of suvivorship, agreeing that upon the termination of her life estate the remainder would vest in the three children born of her marriage with J. F. King.

Mrs. King lived for thirty-five years after the consent decree was entered and the deed for the entirety property was executed. She claimed no right of survivorship in the entirety property when her husband died in 1943, and made no disposition of the property by will upon her death in 1965. After her death her two children, the respondents Lucy K. Hannaford and Martha K. Burroughs who had acquired the remainder interest of the third child, for a period of ten years shared equally the rents and profits, which each reported as income to taxing authorities, and each paid one-half of the ad valorem taxes assessed against the property.

Lucy K. Hannaford contends that her sister Martha K. Burroughs is estopped to claim sole ownership of the property. The doctrine of estoppel by conduct, or "estoppel *in pais*—rests upon principles of equity [and] . . . is designed to aid the law in administration of justice when without its aid injustice would result, [and is based on] the theory . . . that it would be against principles of equity and good conscience to permit a party against whom estoppel is asserted to avail himself of what . . . otherwise [might] be his undisputed legal rights." *Hawkins v. M & J Finance Corp.,* 238 N.C. 174, 177, 77 S.E. 2d 669, 672 (1953). The essential elements of "equitable estoppel" as related to a party claiming estoppel are lack of knowledge and truth as to facts in question, reliance upon conduct of party sought to be estopped, and action based thereon of such character as to change his position prejudicially. *Peek v. Wachovia Bank & Trust Company,* 242 N.C. 1, 86 S.E. 2d 745 (1955).

The respondent relies on *Boddie v. Bond,* 154 N.C. 359, 70 S.E. 824 (1911) which states that "estoppel arises when any one, by his acts, representations, or admissions . . . induces an-

other to believe certain facts to exist, and such other rightfully relies and acts on such belief, so that he will be prejudiced if the former is permitted to deny the existence of such facts." The case involved misrepresentation or fraud relied on by another party to his detriment.

The case before us involves a different type of estoppel, usually referred to as "quasi estoppel," which has its basis in acceptance of benefits. 31 C.J.S., Estoppel, § 107. Where one having the right to accept or reject a transaction or instrument takes and retains benefits thereunder, he ratifies it, and cannot avoid its obligation or effect by taking a position inconsistent with it. 31 C.J.S., *supra*, § 108. *Corbett v. Corbett*, 249 N.C. 585, 107 S.E. 2d 165 (1959) ; *Advertising, Inc. v. Harper*, 7 N.C. App. 501, 172 S.E. 2d 793 (1970). There is no evidence of misrepresentation, express or implied, by respondent Burroughs, which respondent Hannaford relied on to her prejudice so as to invoke the equitable estoppel doctrine in *Boddie, supra*. But the admitted facts clearly establish that Mrs. King, mother of respondents Burroughs and Hannaford, accepted the benefits of the consent decree (contract) over a period of thirty-five years. Therefore, she was estopped to deny its burdens. Since respondent Burroughs claims the sole ownership of the property through Mrs. King, she is likewise estopped.

We hold that respondents Hannaford and Burroughs were owners of the property in dispute when this proceeding was brought, and the judgment appealed from is

Affirmed.

Judges MORRIS and VAUGHN concur.