KAVANAU REAL ESTATE TRUST, PLAINTIFF, AND THE BANK OF NEW YORK, ASSIGNEE OF PLAINTIFF v. LEE A. DEBNAM, A GENERAL PARTNER OF YORKTOWNE VILLAGE, LTD., AND ALGIE STEPHENS, A GENERAL PARTNER OF YORKTOWNE VILLAGE, LTD., TRADING AND DOING BUSINESS AS YORKTOWNE VILLAGE, LTD., A GENERAL PARTNERSHIP, DEFENDANTS

No. 7814SC495

(Filed 15 May 1979)

1. **Mortgages and Deeds of Trust § 32.1— mortgage on leasehold interest—action on underlying obligation not prohibited**
      Because a leasehold interest in real property is a chattel real and subject to rules of law applying to personal property, G.S. 45-21.38 does not prohibit an *in personam* action based upon an underlying obligation secured by a mortgage on a leasehold interest, since the protection provided by the statute applies only to transactions involving the sale of real property.

2. **Rules of Civil Procedure § 56.1— summary judgment before responsive pleading—summary judgment not premature**
      There was no merit to defendants' contention that entry of summary judgment was premature in that the 20-day period in which defendants were allowed to answer following the denial of their G.S. 1A-1, Rule 12(b) motion had not yet expired, since there was no justifiable reason for delaying summary judgment, as defendants had had nearly four months to prepare defenses and come forward with material questions of fact with which to defeat the summary

judgment motion; defendants argued only that, if given an opportunity to file a responsive pleading, they might be able to raise further matters in defense; and, even if defendants had been allowed to answer, they could not rest upon the mere allegations or denials of their pleadings to defeat the motion for summary judgment.

APPEAL by defendants from *McKinnon, Judge.* Judgment entered 6 March 1978 in Superior Court, DURHAM County. Heard in the Court of Appeals 5 March 1979.

Plaintiffs initiated this action to recover the principal, plus the legal rate of interest from 1 June 1977, allegedly due on a promissory note secured by a deed of trust encumbering a leasehold interest. Defendants did not answer the complaint but instead moved for dismissal primarily on the grounds that the federal bankruptcy court had exclusive jurisdiction of the controversy.

Yorktowne Village, Ltd., is a general partnership composed of general partners Lee A. Debnam and Algie Stephens. The record indicates that on 3 June 1974, Lee Debnam, acting apparently within his authority as general partner of Yorktowne Village, Ltd., executed in favor of plaintiffs a promissory note in the face amount of $100,000 secured by a deed of trust on defendants' leasehold interest in the Yorktowne Apartments, Durham. The promissory note provided a due date of 31 May 1977. Plaintiffs allege, and defendants do not deny, that no part of that indebtedness has been paid.

Plaintiff, Kavanau Real Estate Trust, became lessee of the Yorktowne Apartments by assignment, on 1 May 1968, of a lease held by Consolidated Properties, Ltd. Lessor and owner of the fee is Ward Realty Company. First mortgagee is the State of Wisconsin Investment Board by assignment from Cameron Brown Company. Kavanau Real Estate Trust, in a transaction giving rise to this lawsuit, thereafter assigned its leasehold interest to Yorktowne Village, Ltd., on 1 June 1974, and in return took the note secured by a second deed of trust on the leasehold which is the subject of this action. Yorktowne Village, Ltd., then assigned the lease to Yorktowne Apartments, Inc., on 22 April 1975. Yorktowne Apartments, Inc., assigned the lease to O.C.G.-York-Woods, Ltd., 31 December 1975. Finally O.C.G.-York-Woods, Ltd., assigned the lease to Tudor Associates Limited II, on 13 January

1976. The assignment by Yorktowne Village, Ltd., and the subsequent assignments were completed without any participation or involvement by Kavanau Real Estate Trust, and at no time has Yorktowne Village, Ltd., been released from its obligation by Kavanau Real Estate Trust. Such assignments were made "subject to" the lien on the property interest created by the deed of trust executed by Yorktowne Village, Ltd., and the first mortgage noted above.

Plaintiffs have not elected to seek foreclosure against the leasehold interest encumbered by the deed of trust, but have elected to proceed *in personam* directly on the promissory note. Defendant has not answered the complaint but has sought dismissal of the action, continuance, or abatement until the bankruptcy proceeding involving the present lessee, Tudor Associates, Ltd., II, is completed. Plaintiffs countered with a motion for summary judgment. The initial hearing on these matters was heard 24 February 1977. At the request of counsel for the defendants, a further hearing was scheduled for 3 March 1978 to allow defendants time to present additional arguments and affidavits in opposition to the motion for summary judgment. Following the second hearing, the trial court entered orders denying defendants' motions for dismissal, continuance, and abatement, and entered summary judgment in favor of the plaintiffs. The decree ordered defendants to pay the sum of $100,000 with interest from 1 June 1977, attorney's fees of $15,532.60, and the costs of the action. Defendants appealed.

*Newsom, Graham, Strayhorn, Hedrick, Murray, Bryson & Kennon, by Josiah S. Murray III, for plaintiff appellees.*

*Seay, Rouse, Johnson & Harvey, by James L. Seay and Ronald H. Garber, for defendant appellant Lee A. Debnam.*

*Sanford, Cannon, Adams & McCullough, by J. Allen Adams, E. D. Gaskins, Jr., and Catharine B. Arrowood, for defendant appellant Algie Stephens.*

MORRIS, Chief Judge.

The parties have narrowed the questions presented on appeal to two: (1) Did the trial court err in concluding that G.S. 45-21.38 (the "anti-deficiency statute") did not bar an *in personam* judg-

ment on a purchase money note where there was no recourse against the security evidenced by the deed of trust on the leasehold interest? (2) Did the trial court err in entering summary judgment prior to the expiration of the time for defendants to file an answer after the denial of their motion to dismiss?

[1] Defendants argue that the "Anti-deficiency Statute", G.S. 45-21.38, precludes the plaintiffs' suit on the promissory note either before or after recourse against the security. They urge this Court to reconsider the decision in *Realty Co. v. Trust Co.*, 37 N.C. App. 33, 245 S.E. 2d 404 (1978), which permitted suit on the underlying obligation without foreclosure under the deed of trust. We need not reconsider *Realty Co. v. Trust Co., supra*. That decision was recently reversed by our Supreme Court in *Realty Co. v. Trust Co.*, 296 N.C. 366, 250 S.E. 2d 271 (1979). The Court abandoned a strict interpretation of the statute in an attempt to give effect to the perceived intent of the legislature to limit a purchase money mortgagee to the remedy of foreclosure under the security instrument. Despite the recent *Realty Co. v. Trust Co.* decision, plaintiffs maintain that the plain words of the "anti-deficiency statute" preclude its application in the context of the assignment of a leasehold interest. Plaintiffs contend that G.S. 45-21.38 applies only to purchase money security interests in *real estate* resulting from *sales* of *real estate*, and that a leasehold interest is treated in law as *personalty*. They rely on the following emphasized language of the statute:

> "§ 45-21.38. *Deficiency judgments abolished where mortgage represents part of purchase price.* — In all *sales of real property* by mortgagees and/or trustees under powers of sale . . . *to secure to the seller the payment of the balance of the purchase price of real property*, the mortgagee or trustee . . . shall not be entitled to a deficiency judgment on account of such mortgage, deed of trust or obligation secured by the same. . . ." (Emphasis supplied.)

The rule in this State appears to be well settled that a leasehold interest in real property is a chattel real and subject to rules of law applying to personal property. In *Moche v. Leno*, 227 N.C. 159, 41 S.E. 2d 369 (1947), the Supreme Court determined that because a lease of real estate for a term of more than three years is personal property rather than real property, the writing

need not be under seal to be valid. That decision cited the opinion in *Waddell v. Cigar Stores*, 195 N.C. 434, 142 S.E. 585 (1928), which, during its discussion of the validity of a decree empowering a trustee to lease certain lands for a period possibly extending beyond the period of the trust, observed that a lease is treated as a chattel real, falling within the classification of personal property. Likewise, in *Cordell v. Sand Co.*, 247 N.C. 688, 102 S.E. 2d 138 (1958), the Court concluded that failure to list a leasehold interest for tax purposes was not conclusive evidence of nonuser with respect to land under lease because, *inter alia*, a leasehold interest for a term of years is a chattel real and for purposes of taxation the whole of the land is assessable against the owner of the fee. Finally, in a tax refund suit our Supreme Court noted that a leasehold interest is a chattel real, a species of intangible personal property, and subject to ad valorem tax. *Investment Co. v. Cumberland County*, 245 N.C. 492, 96 S.E. 2d 341 (1957). We conclude, therefore, that G.S. 45-21.38 does not prohibit an *in personam* action based upon an underlying obligation secured by a mortgage on a leasehold interest. Additionally, it is clear from the language of the statute that the protection provided by the statute only applies to transactions involving the sale of real property. In this case there was no sale of real property, only an assignment for valuable consideration of a leasehold interest.

[2] By their final argument defendants contend that the entry of summary judgment on 6 March 1978 was premature in that the 20-day period in which defendants are allowed to answer following the denial of their G.S. 1A-1, Rule 12(b) motion had not yet expired. The record indicates the occurrence of the following sequence of events: (1) Complaint filed 9 November 1977, (2) Order for extension of time for defendants to file answer, 22 November 1977, (3) Defendants' motion to dismiss, 9 January 1978, (4) Plaintiff's motion for summary judgment, 1 February 1978, (5) Defendants' Third Party complaint, 24 February 1978, (6) Motions for Election of Remedies, Continuance, and Abatement, 3 March 1978, (7) Order and Summary Judgment entered 6 March 1978, (8) Corrected Order and Summary Judgment, 18 April 1978.

The proper time period for filing a motion for summary judgment is determined by G.S. 1A-1, Rule 56(a), which provides as follows:

"*For claimant.* — A party seeking to recover upon a claim, counterclaim, or crossclaim or to obtain a declaratory judgment may, at any time after the expiration of 30 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof."

However, G.S. 1A-1, Rule 12(a)(1)a., provides that responsive pleadings shall be served within 20 days after notice of the court's action in ruling on a Rule 12 motion, unless a different time is fixed by order of court. G.S. 1A-1, Rule 6(b) permits the time within which to file responsive pleadings to be extended for 30 days. While defendants contend summary judgment should not be entered before their time for filing a responsive pleading, plaintiffs contend that summary judgment is proper at any time after the expiration of 30 days from commencement of the action.

This Court in *Village, Inc. v. Financial Corp.*, 27 N.C. App. 403, 219 S.E. 2d 242 (1975), *cert. denied*, 289 N.C. 302, 222 S.E. 2d 695 (1976), faced the question of whether it was appropriate to enter summary judgment before the period for answering had expired. In that case, defendant filed an affidavit in response to the plaintiff's motion for summary judgment which was rejected for failure to comply with G.S. 1A-1, Rule 56(e). The Court noted that the affidavit, if it had been proper in form, would have been sufficient to raise genuine issues of material fact so as to defeat the motion for summary judgment. Judge Hedrick, speaking for the Court, concluded that under the unusual posture of that case, summary judgment was premature. In a caveat to the decision, it was noted, however, that "summary judgment for claimant, under some circumstances, might be appropriate before the responsive pleading has been filed or even before the time to file responsive pleadings has expired." 27 N.C. App. at 404, 219 S.E. 2d at 243.

The facts of this case present no justifiable reason for delaying entry of summary judgment. Defendants had nearly four months to prepare defenses and to come forward with material questions of fact with which to defeat the motion for summary judgment. They still have not come forward with such questions of fact, but argue that if given an opportunity to file a responsive pleading they *might* be able to raise further matters in defense

such as fraud, usury, novation, and mutual mistake. However, the burden is on the party opposing summary judgment to set forth specific facts showing that there is a genuine issue for trial. G.S. 1A.-1, Rule 56(e). Even if defendants had been allowed to answer, they could not rest upon the mere allegations or denials of their pleadings to defeat the motion for summary judgment. *Id.* Plaintiff was acting within the guidelines of G.S. 1A-1, Rule 56(a), in filing the motion for summary judgment nearly two months after commencement of the action and one month after defendants' motion to dismiss. In fact, it has been observed that the purpose of the 1946 amendments to Rule 56(a) of the Federal Rules of Civil Procedure, now identical to G.S. 1A-1, Rule 56(a) in all respects except for the enlargement of the time period for filing from 20 to 30 days, "was to permit a plaintiff to move for summary judgment while a pre-answer rule 12(b) motion was pending". *Stein v. Oshinsky*, 348 F. 2d 999, 1001 (2d Cir. 1965). *See generally* 6 Moore, Federal Practice ¶ 56.07 (2d ed. 1976); 10 Wright and Miller, Federal Practice and Procedure: Civil § 2717 (1973). The entry of summary judgment for plaintiff was not premature.

For the reasons discussed above, the trial court's entry of summary judgment for the plaintiffs is

Affirmed.

Judges CLARK and ARNOLD concur.